FILED
JANUARY 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 184

YM

JUDGE ST. EVE
MAGISTRATE JUDGE COX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| LAURA M. SWANSON, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A. and FIA CARD SERVICES, N.A.<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1453(b), & 1331**<br><br>(Pending in the Circuit Court of Cook County, Chancery Division, as 07-CH-32248) |

  PLEASE TAKE NOTICE that BANK OF AMERICA, N.A. and FIA CARD SERVICES, N.A. (collectively, "Defendants") hereby remove to this Court the action originally commenced in the Circuit Court of Cook County, Illinois, Chancery Division, entitled "Laura M. Swanson, on behalf of herself and all others similarly situated, Plaintiff v. BANK OF AMERICA, N.A. and FIA CARD SERVICES, N.A., Defendants," Case Number 07 CH 32248, filed on November 6, 2007.  The grounds and bases for this removal are as follows:

### SUMMARY OF COMPLAINT AND BASES FOR FEDERAL JURISDICTION

  1. Plaintiff Laura M. Swanson ("Plaintiff") alleges that she is an Illinois consumer and customer of Defendants who purportedly suffered harm in the form of additional and excess interest charges on her credit card account.  Plaintiff avers that Defendants raised the interest rates applicable to credit card account balances retroactively and without advance notice.

  2. Plaintiff asserts that Defendants' supposed actions were allegedly in violation of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*., and

the Illinois common law.  The statute of limitations on Plaintiff's claims are three and five years, respectively.

3. Plaintiff has brought this action as a putative class action, identifying the members of the potential Plaintiff class as:

> All natural persons with billing addresses in the State of Illinois who have or had credit card accounts with the Bank and whose interest rates were retroactively increased within the applicable statue of limitations.

(Complaint, ¶ 17.)  Plaintiff seeks injunctive relief, restitution, costs of suit and attorneys' fees.  (Prayer, Counts I and II.)

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) based upon the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions.  The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied in this case in that at least one member of the putative Plaintiff class is a citizen of a State different from both Defendants.  The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is also satisfied, because the aggregate alleged claims of the individual members of the putative class, in the event the averments stated in the Complaint were correct (which Defendants deny), exceed the sum or value of $5,000,000, exclusive of interest and costs.

5. The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims are completely preempted by federal law, including, among others, the National Bank Act ("NBA"), 12 U.S.C. § 21 *et seq.*, and the regulations of the Office of the Comptroller of the Currency ("OCC") implementing the NBA, including 12 C.F.R. §§ 7.4001, 7.4008.

## STATE COURT FILINGS

6. On November 6, 2007, Plaintiff commenced the instant action by filing a Complaint in the Circuit Court of Cook County, Illinois, Chancery Division.  A true and accurate copy of the Complaint is attached hereto as Exhibit A.  The action was designated as Case No. 07 CH 32248.

- 3 -

7. The Complaint was served on Defendants on December 10, 2007.

8. In addition to the Complaint, the Circuit Court's website indicates that an "Affidavit of Service" was filed with the court on or about December 18, 2007. To date, however, the court's file has been unavailable for copying.

## TIMELY REMOVAL

9. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is "filed within thirty days after the receipt by [Defendants], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

10. Defendants were served with a copy of the Complaint on December 10, 2007, when a copy of the Complaint and Summons in this action were personally delivered to one of its employees.

11. Assuming, without conceding, that Plaintiff's purported service was valid and proper, Defendants first received a copy of the Complaint less than 30 days prior to the filing of this Notice of Removal.

## PROPER COURT FOR REMOVAL

12. Venue exists in the Northern District of Illinois, Eastern Division, because the Circuit Court of Cook County, Illinois is within the Northern District of Illinois, Eastern Division.

## NO JOINDER NECESSARY

13. Defendants Bank of America, N.A. and FIA Card Services, N.A. are the sole Defendants named in the Complaint. No other defendants are therefore required to consent to this Notice of Removal. (28 U.S.C. § 1453(b).)

## NOTICE OF REMOVAL

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, and Plaintiff is being duly served with written notice of the removal.

## THIS COURT HAS ORIGINAL JURISDICTION
## UNDER 28 U.S.C. § 1332(d)(2)

15.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b), in that it is a putative class action in which, based upon the averments of the Complaint, the matter in controversy as alleged exceeds the sum or value of $5 million, exclusive of interest and costs, and in which at least one member of the putative class is a citizen of a State different from at least one defendant.

### Diversity-Of-Citizenship

16.     Plaintiff is alleged in the Complaint to be a resident of Illinois. (Complaint, ¶ 4)

17.     The members of the putative class described in the Complaint are all alleged to be Illinois residents. (Complaint, ¶ 17.)

18.     Defendants are each national banks chartered by the Office of the Comptroller of the Currency under the National Bank Act, 12 U.S.C. § 21 *et seq*. Defendant FIA Card Services, N.A. is incorporated in and has its principal place of business in Delaware. Defendant Bank of America, N.A. is incorporated in and has its principal of business in North Carolina. Defendants are therefore citizens of Delaware and North Carolina, respectively. (28 U.S.C. § 1348.)

19.     The requirements for diversity-of-citizenship set forth in Section 1332(d)(2)(A) are thus established. The purported class consists of putative members all of whom are citizens of a State (Illinois) that is different from the state of citizenship of Defendants (Delaware and North Carolina). Therefore, diversity-of-citizenship exists between the parties pursuant to Section 1332(d)(2)(A).

### Amount-In-Controversy

20.     The amount-in-controversy requirement of Section 1332(d)(2) is satisfied, because, assuming the averments of the Complaint are correct (which Defendants deny), the

matter as alleged by Plaintiff places in controversy a sum or value in excess of $5 million, exclusive of interest and costs.

21. Plaintiff seeks, among other relief, restitution to each member of the putative class of the "additional interest charges resulting from retroactive rate increase[s]" such putative class members have allegedly paid. (*See* Complaint, ¶ 24(d), (e), 25, 26, & Prayers for Relief for Counts I and II.) The amount of such "additional interest charges" is thus squarely placed at issue by the allegations of the Complaint. (*See id.*)

22. In light of the overall averments in the Complaint, including Plaintiff's allegation that interest rates are increased retroactively and without advance notice to account holders, Plaintiff appears to equate "additional finance charges" with the difference between the interest payable at the prior rate and the interest payable at the increased rate for the one-month billing cycle before account holders allegedly receive notice of the interest rate increase. (*See* Complaint, ¶¶ 7, 8, 11-15, 24-26.) Plaintiff seeks this amount as restitution for each of the putative class members. (*See* Complaint, ¶ 24(d), (e), 25, 26, & Prayers for Relief for Counts I and II.)

23. Defendants dispute the allegations of the Complaint, and, in particular, Defendants dispute, among other things, that Plaintiff is entitled to restitution or any other relief. However, for the present purpose only of determining the amount Plaintiff places in issue by her allegations, Defendants take the averments of the Complaint at face value. Taking the approximate number of account holders with Illinois addresses who had interest rate increases on their credit card account balances of the type described in the Complaint, and in the same manner as the putative class representative alleges (which typically occur in accordance with the cardholder agreement due to cardholder's defaults either by not making minimum payments as agreed or by exceeding their respective credit limits), and multiplying it by the average interest charge differential for the first month after the interest rate increase (as described above), over the three or five year period covered by the respective statute of limitations, yields a total amount well in excess of $5,000,000. (See Declaration of Russell C. Small, attached as Exhibit B.)

- 6 -

24.　　Plaintiff's allegation that "[o]n information and belief, the aggregate damages suffered by the class is less than $5,000,000" is not dispositive, as it is not a damage cap and is not made in good faith in light of Plaintiff's class allegations.  See, e.g., Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005) ("Thus part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands); Fiore v. First American Tit. Ins. Co., Case No. 05-CV-474, 2005 U.S. Dist. LEXIS 34348 (S.D. Ill. Dec. 13, 2005) ("even if Plaintiff had attempted to allege a cap of $5,000,000 . . . such a cap is effective only if alleged in good faith").

25.　　Ignoring the denials and defenses that Defendants intend to assert to the Complaint, including, without limitation, the fact that federal law preempts Plaintiff's claims, bars her prosecution of the suit, and contains a cap on recovery, among other points, the amount placed in controversy by Plaintiff through the averments of the Complaint based solely on this purported "restitution" remedy exceeds the jurisdictional minimum of $5 million. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.")  In addition, Plaintiff alleges she is entitled to an award of punitive damages and attorney's fees. (*See* Complaint, Prayer for Relief for Counts I and II.)  These additional requests for relief demonstrates that the amount in controversy is even higher.

**THIS CASE DOES NOT FALL UNDER THE DISCRETIONARY EXCEPTION
CONTAINED IN 28 U.S.C. § 1332(d)(3)**

26.　　More than two-thirds of the members of the putative Plaintiff class are alleged to be citizens of Illinois, and the Defendants are not citizens of Illinois, the State in which this action was filed.  Thus, the provisions of 28 U.S.C. Section 1332(d)(3), which allow a court to decline to exercise jurisdiction in certain circumstances, do not apply in this case.

## NO BASIS EXISTS FOR THIS COURT TO DECLINE TO EXERCISE JURISDICTION UNDER 28 U.S.C. § 1332(d)(4)

27. The Court cannot decline to exercise jurisdiction over this action under Section 1332(d)(4). Even though more than two-thirds of the members of the putative Plaintiff class are alleged to be citizens of Illinois, the other elements of Section 1332(d)(4) required for remand are not satisfied. Specifically, the Defendants are not a citizens of Illinois, the State in which this action was filed.

28. Thus, neither Section 1332(d)(4)(A) nor (B) applies, and since they do not apply, there is no basis for remand. *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II)(cc) (defendant must be "citizen of the State in which the action was originally filed" for court to decline jurisdiction) and 1332(d)(4)(B) ("primary" defendant must be a citizen "of the State in which the action was originally filed" for court to decline jurisdiction).

## THIS CASE DOES NOT FALL UNDER ANY EXCEPTION TO REMOVAL OF CLASS ACTIONS PURSUANT TO 28 U.S.C. § 1453(d)

29. The Complaint does not contain a claim concerning a covered security as defined under Section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) or Section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)).

30. The Complaint does not contain a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise, nor does it arise under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized.

31. The Complaint does not contain a claim that relates to the rights, duties (including fiduciary duties), or obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) or the regulations issued thereunder.

- 8 -

## THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331

32. Plaintiff alleges that Defendants has charged and collected, and she seeks restitution of, "additional interest charges." (Complaint, ¶ 24 & Prayer for Relief for Count I.) Plaintiff purports to assert her claims under state law. However, state law claims of excess interest charges ("usury") against a national bank, such as Defendants, are completely preempted by the NBA, 12 U.S.C. §§ 85 & 86, and are therefore removable to federal court. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-8 (2003).

33. In addition, Plaintiff's claims are removable because they are preempted by the regulations of the OCC. Under those regulations, a national bank may make loans "*without regard to state law limitations* concerning . . . [t]he terms of credit, including the schedule for repayment of principal and interest, amortization of loans, balance, payments due, minimum payments, or term to maturity of the loan . . . ." 12 C.F.R. §§ 7.4008(d)(2)(iv) (emphasis added). The OCC regulations also preempt state laws "requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, [or] credit contracts . . . ." Id. §§ 7.4008(d)(2)(viii).

34. Plaintiff's claims are therefore completely preempted by federal law and are therefore removable. See, e.g., Forness v. Cross Country Bank, Inc., Case No. 05-CV-417, 2006 U.S. Dist. LEXIS 3423 (S.D. Ill. Jan. 13, 2006) (denying motion to remand on the grounds that claims were preempted by the National Bank Act).

- 9 -

WHEREFORE, Defendants hereby remove this action now pending against them in the Circuit Court of Cook County, Illinois, to this Honorable Court.

Dated:       January 9, 2008

BANK OF AMERICA, N.A., FIA CARD SERVICES, N.A.


s/Katherine E. Licup
Attorney for Defendants

Robert M. Dawson, Esq.
Brandon C. Fernald, Esq.
FULBRIGHT & JAWORSKI, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

William J. McKenna, Esq. (3124763)
Katherine E. Licup, Esq. (6288355)
FOLEY & LARDNER LLP (17190)
321 North Clark
Suite 2800
Chicago, IL 60610
Telephone:  (312) 832-4500
Facsimile:  (312) 832-4700

**CERTIFICATE OF SERVICE**

      I, Katherine E. Licup, an attorney, certify that on January 9, 2008, I caused a true and correct copy of Defendant Bank of America, N.A.'s and Defendant FIA Card Services, N.A.'s Notice of Removal to be filed using the Court's ECF system and to be served via messenger to the individuals listed below:

| | |
|---|---|
| Lawrence Walner | Clerk of the Circuit Court of Cook County |
| Lawrence Walner & Associates, Ltd. | County Department, Chancery Division |
| 150 N. Wacker Drive, Suite 2150 | Richard J. Daley Center |
| Chicago, IL 60606 | 50 W. Washington, Rm. 802 |
| | Chicago, IL 60602 |

                        s/ Katherine E. Licup
                        Attorney for Defendants

Robert M. Dawson, Esq.
Brandon C. Fernald, Esq.
FULBRIGHT & JAWORSKI, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

William J. McKenna, Esq. (3124763)
Katherine E. Licup, Esq. (6288355)
FOLEY & LARDNER LLP (17190)
321 North Clark
Suite 2800
Chicago, IL 60610
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

CHIC_1692508.1