# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY JANE AUGUSTINE, an individual,
on behalf of herself and all
others similarly situated,

              Plaintiff,

    v.

FIA CARD SERVICES, N.A. and DOES 1
through 10, inclusive,

              Defendants.

2:06-cv-2013-GEB-EFB

ORDER[*]

Defendant FIA Card Services, N.A. ("Defendant") moves for the dismissal of this action. Plaintiff opposes this motion. Plaintiff alleges claims under the Consumer Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL") against Defendant on behalf of herself and all other California consumers who have had credit card accounts with Defendant. (First Am. Compl. ¶ 2.) Plaintiff's claims are based on Defendant's practice of increasing interest rates retroactively and without sufficient warning which she alleges violates California law. (Id. ¶¶ 13, 20.)

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

DISCUSSION

I. Standard

Dismissal is appropriate under Rule 12(b)(6) if Plaintiff failed to (1) present a cognizable legal theory, or (2) plead sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When considering a motion to dismiss, all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). In addition, Plaintiff is given the benefit of every reasonable inference that can be drawn from the allegations in the Complaint. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963). Accordingly, a motion to dismiss must be denied "unless it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [his or her] claim which would entitle [him or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. CLRA

Defendant argues both of Plaintiff's state law claims are expressly preempted by the National Banking Act and the Office of the Comptroller of the Currency regulations. (Def.'s Mot. for Summ. J. ("Def.'s Mot.) at 8:2-4.) Plaintiff concedes broad federal preemption, but asserts her claims are not expressly preempted because they are not based on the amount of interest rates charged, but on "Defendant's deceptive practices which fail to provide adequate notice of interest rate increase." (Pl.'s Opp'n at 2:27-28.) Defendant counters that "Plaintiff's Complaint does not present any properly

2

pleaded claims of 'deception' or 'misrepresentation.'" (Def.'s Reply at 3:25-26.)

Plaintiff alleges Defendant's practice of retroactively increasing the interest rates charged to cardholders constitutes an unfair and deceptive practice under the CLRA which proscribes "[r]epresenting that goods or services have . . . characteristics, . . . which they do not have . . . [and] . . . [i]nserting an unconscionable provision in the contract." Cal. Civil Code §§ 1770(a)(5), (19). Plaintiff concedes Defendant's practice of retroactively increasing interest rates is disclosed in the contractual agreement. (First Am. Compl. ¶ 14.) Therefore, "[r]ather than practicing concealment or making false promises, [Defendant], from the beginning of the contractual relationship, notifies cardmembers of the actions it may take in the event of a default." Evans v. Chase Manhattan Bank USA, N.A., 2006 WL 213740, *5 (N.D. Cal. Jan. 27, 2006). Plaintiff has not plead facts to support a claim of misrepresentation under the CLRA. In addition, "[t]he practice of retroactively increasing the interest rate is not unconscionable. Id. at *3. Therefore, Plaintiff has not "alleged facts sufficient to state a claim for unfair or deceptive acts" under the CRLA. Id. at *6.

Moreover, California law provides that the CRLA does not apply to credit card transactions. See Berry v. American Exp. Publishing, Inc., 147 Cal. App. 4th 224, 233 (2007) ("We conclude neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the [CLRA].").

3

1 Defendant's motion to dismiss Plaintiff's claims under the CLRA is
2 granted.
3 <u>III. UCL</u>
4 Defendant also argues Plaintiff's claims under the UCL are
5 preempted. (Def.'s Mot. at 8:2-4.) Plaintiff responds that there is
6 no federal preemption for UCL claims. (Pl.'s Opp'n at 12:23.)
7 Plaintiff's UCL claims are based on Defendant's practice of
8 retroactively increasing the interest rate charged to cardholders and
9 the failure to disclose and explain the process to cardholders.
10 (First Am. Compl. ¶ 20.)
11 "Preemption can occur in one of three ways: express
12 preemption by statute, occupation of the field, or conflict between
13 state and federal regulation." <u>U.S. v. 4,432 Mastercases of</u>
14 <u>Cigarettes, More Or Less</u>, 448 F.3d 1168, 1189 (9th Cir. 2006). The
15 "general presumption . . . [is that] a federal statute or regulation
16 does not preempt a state's historic police powers unless preemption is
17 a clear and manifest purpose of the United States Congress." <u>Smith v.</u>
18 <u>Wells Fargo Bank, N.A.</u>, 135 Cal. App. 4th 1463, 1475 (2005).
19 "However, the presumption is not triggered when the State regulates in
20 an area where there has been a history of significant federal
21 presence." <u>Bank of Am. v. City & County of S.F.</u>, 309 F.3d 551, 558
22 (9th Cir. 2002). "[T]here has been a history of significant federal
23 presence in national banking, [therefore,] the presumption against
24 preemption of state law is inapplicable." <u>Id.</u> at 559.
25  A. Retroactive Increase Under the UCL
26 Plaintiff's first allegation under the UCL is that
27 Defendant's practice of retroactively increasing the interest rate is
28 unfair and deceptive. (First Am. Compl. ¶ 20.) Defendant argues

4

1 Plaintiff's claim is expressly preempted because federal regulations
2 allow Defendant to extend loans "without regard to state laws
3 concerning . . . terms of credit . . . [and] rates of interest on
4 loans." 12 C.F.R. § 7.4008(d)(2)(iv), (x). Defendant further argues
5 that by "challenging conduct provided for in [Defendant's] Cardholder
6 Agreement, Plaintiff directly attacks [Defendant's] terms of credit."
7 (Def.'s Mot. at 11:10-11.) Plaintiff does not respond to this
8 argument.

9 Federal regulations do not preempt all UCL causes of action.
10 See Office of the Comptroller of the Currency, Advisory Letter 2002-03
11 at 3, n.2 (March 22, 2002) ("OCC Letter") ("A number of state laws
12 prohibit unfair or deceptive acts or practices, and such laws may be
13 applicable to insured depository institutions. See e.g., Cal. Bus. &
14 Prof. Code §§ 17200 et seq.; 17500 et seq."); Smith, 135 Cal. App. 4th
15 at 1481 (holding that a cause of action under the UCL is not preempted
16 by federal law if based on the violation of a federal regulation).
17 Those claims that are not preempted "involve acts or practices that
18 are unscrupulous, unconscionable, or contrary to public policy." OCC
19 Letter at 1.

20 Defendant's practice of retroactively increasing the
21 interest rate charged to cardholders is not unconscionable. Evans,
22 2006 WL 213740, at *3. Plaintiff has not alleged facts sufficient to
23 show her claim is not preempted since it seeks to change Defendant's
24 terms of credit provided in Defendant's Cardholder Agreement. 12
25 C.F.R. § 7.4008(d)(2)(iv). Therefore, Defendant's motion to dismiss
26 Plaintiff's claim that the practice of retroactively increasing
27 interest rates violates the UCL is granted.
28

### B. Failure to Disclose Under the UCL

Plaintiff further alleges Defendant violated the UCL when it failed to disclose the evaluation process used for retroactive rate increases. (First Am. Compl. ¶ 20.) Defendant argues that federal law regulates what disclosures must be made and therefore, Plaintiff's claim is preempted. (Def.'s Mot. at 12:19-27.)

The UCL restricts "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. The UCL "borrows violations from [state and federal] laws by making them independently actionable as unfair competitive practices." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003). However, "[w]hen specific legislation provides a 'safe harbor,' [Plaintiff] may not use the general unfair competition law to assault that harbor." Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1154 (2000).

Federal law provides that banks may extend loans "without regard to state law limitations concerning . . . [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents." 12 C.F.R. § 7.4008(d)(2)(viii).

Plaintiff does not allege that Defendant fails to make the required disclosures under federal law. Plaintiff's claim that Defendant was required to make different disclosures because of state law is expressly preempted by 12 C.F.R. § 7.4008(d)(2)(viii). Therefore, Defendant's motion to dismiss on Plaintiff's claim that Defendant's failure to disclose violates the UCL is granted.

1 | CONCLUSION

2 Defendant's motion to dismiss Plaintiff's claims under the
3 CLRA and the UCL is granted. Therefore, this action is dismissed.
4 IT IS SO ORDERED.

5 Dated: April 20, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

7