# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   (In Chambers)   Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint.  (Fld 7-24-06)

I    BACKGROUND

Defendant Chase Manhattan Bank USA ("Chase") moves the Court to dismiss Plaintiff James A. McCoy's ("McCoy") Second Amended Compliant ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court grants Chase's motion.

II   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In resolving a Rule 12(b)(6) motion, the Court must construe the Complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

III  DISCUSSION

A.   Allegations Contained the SAC

Chase is a national banking association organized under the National Bank Act, with its home in the State of Delaware. (SAC, ¶ 3). McCoy purports to represent all Chase credit card holders "whose interest rates were increased, without advance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

notice of such increase, after their accounts were closed to new transactions, where such increases were triggered on the basis of a 'default' that consisted of either a late payment to Chase, or a reported late payment to some other creditor." (Id., ¶ 23.) McCoy's SAC alleges claims for: (1) violation of the Truth in Lending Act ("TILA"); (2) declaratory relief; (3) severance of unconscionable contract terms; (4) imposing and enforcing an illegal penalty; (5) consumer fraud; (6) breach of contract; (7) tortious breach of the implied covenant of good faith and fair dealing and consumer fraud. (SAC, p. 1.)

McCoy's SAC therefore challenges Chase's practice of raising a cardholder's interest rate after a delinquency with Chase or another creditor. As Chase contends, McCoy concedes that the Cardmember Agreement ("Agreement") specifically authorizes Chase to raise a cardholder's interest rate if the cardholder is delinquent with Chase or another creditor. (SAC, ¶ 16.) Further, Chase avers that this practice is expressly authorized by state and federal law. (Mot., p. 4.) The Court agrees with both of Chase's contentions.

McCoy further alleges that Chase does not provide notice of an increase in interest rates triggered by the cardholder's default with another creditor and that Chase applies the increase to the start of the billing cycle. (SAC, ¶¶ 5, 6, 19.) However, as Chase avers, the Agreement specifically provides notice of this practice, providing:

> Your account will be reviewed every month on your Statement Closing Date to determine its continued eligibility for the Preferred or Non-Preferred rates. . . . Any changes in your interest rates as a result of the monthly reviews for Preferred or Non-Preferred rates will be effective with the billing cycle ending on the review date.

(RJN, Ex. 4.)[1]

---

[1] McCoy alleges that "Chase's assertion that it provides advance notice of the 'specific terms' for a rate increase is demonstrable false . . . [because] Chase's month-end determination whether or not to increase rates is based on a well hidden, entirely secret, and strictly confidential methodology that is never given to its customers." (Opp'n, pp. 5-6; Decl. Haider Zaidi.) In light of the terms of the Agreement, the Court disagrees. (RJN, Ex. 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

McCoy additionally alleges that the interest rate charged by Chase upon default is unlawful, referring to higher rates as "dramatic and overreaching," "illegal penalties," and "punitive." (SAC, ¶¶ 15, 22.) However, as Chase points out, McCoy does not allege that the higher rates is higher than the default rate authorized by his Agreement or applicable usury laws. (Mot., p. 5.)

B.   Prior Similar Cases

As Chase asserts, McCoy seeks to assert claims previously asserted by other plaintiffs which have previously been dismissed by Judge Cormac Carney and Judge Samuel Conti, with prejudice. (Mot., p. 1.) On March 23, 2005, McCoy's counsel filed a similar case against Chase in Orange County Superior Court, Faith Dugan et al. v. Chase Manhattan Bank, No. SACV 05-484 CJC (ANx) (C.D. Cal., July 20, 2005), alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and consumer fraud. That case was subsequently removed. On July 26, 2005, Judge Carney granted Chase's motion to dismiss. (Request for Judicial Notice ("RJN"), Ex. 1.)) McCoy's counsel filed an amended complaint, but voluntarily dismissed the action before any rulings were made based on the amended complaint.

McCoy's counsel then filed a case against Chase in the Northern District of California, Robyn Evans, et al. v Chase Bank USA., N.A., No. C-05-3968 SC, 2006 WL 213740 (N.D. Cal., Jan. 2006). As Chase avers, other than two additional causes of action, the substitution of new plaintiffs, and other minor changes, the Evans action was exactly the same as the amended complaint in Dugan which McCoy's counsel voluntarily dismissed from Judge Carney's court. On January 30, 2006, Judge Conti, of the Northern District of California, dismissed with prejudice all of the causes of action brought in Evans. Evans v. Chase, 2006 WL 213740 (N.D. Cal., Jan. 30, 2006).[2] In doing so, Judge Conti rejected the same causes of action which are asserted in this case.

McCoy argues in his Opposition that while "there is overlap between some of the issues in this case and those ruled on by Judge Conti, [McCoy] respectfully disagrees with the ruling of Judge Conti, and such ruling is currently under appeal."

---

[2] Chase informs the Court that Evans appealed Judge Conti's ruling and the case is currently being briefed before the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

(Opp'n, p. 24.)

The Court agrees with Chase's characterization of the Evans action. The instant case and the Evans action contain the same seven causes of action, and the same allegations underlying those causes of action. Judge Conti has written an in-depth and well-reasoned opinion. At the very least, Judge Conti's opinion provides the Court with significant guidance in its analysis.

C.   First Claim: Violations of the Truth in Lending Act

McCoy avers that Chase violates Regulation Z of the TILA by "failing to notify its customers of increases in interest rates on or before the effective date of the change." (SAC, ¶ 26, citing 12 C.F.R. § 226.9(c)(1).) TILA requires written notice "[w]henever any term required to be disclosed under Sec. 226.6 is changed." 12 C.F.R. § 226.9(c)(1).

As Chase points out, McCoy does not point to any change in Chase's terms, but rather the increases complained of are the implementation of terms explicitly disclosed to McCoy. Chase points to a section of the Official Staff Commentary to Regulation Z ("Commentary"):

> No notice of a change in terms need be given if the specific change is set forth initially, such as: [r]ate increased under a properly disclosed variable-rate plan, a rate increase that occurs when an employee has been under a preferential rate agreement and terminate employment, or an increase that occurs when the consumer has been under an agreement to maintain a certain balance in a savings account in order to keep a particular rate and the account balance falls below the specified minimum. In contrast, notice must be given if the contract allows the creditor to increase the rate at its discretion but does not include specific terms for an increase.

12 C.F.R. pt. 226, Supp. I, § 226.99(c)(1), cmt. 1.[3] As Chase avers, the last sentence

---

[3] As Judge Conti noted, the Commentary, which is put forth by the Board of Governors of the Federal Reserve System is entitled to a great deal of deference. Anderson Bros. Ford v. Valencia,

| | | |
|---|---|---|
| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 4 of 8 |

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

does not provide any support for McCoy because Chase does "include specific terms for an increase" by identifying the maximum possible rate and the specific acts that might resulted in such higher interest rate, such as a late payment to Chase or another creditor. (Mot., p. 6, n. 4; see RJN, Ex. 4.)

Chase concludes that an increase in interest rates based on delinquency with another creditor and credit history is not a "change in terms" under TILA because Chase discloses in the Agreement that it may increase interest rates based on such a delinquency. (Mot., p. 6; see RJN, Ex. 4.) Judge Conti dismissed this identical cause of action for this same reason: "The Commentary . . . states that creditors need not give notice if the specific change is set forth initially, such as in a variable rate plan. [Chase] gives cardmembers notice of these changes." Evans v. Chase, 2006 WL 213740 at * 2.

As Chase notes, a change in terms occurs if the lender increases interest rates without any prior disclosure of the basis for the increase. For instance if the lender exercises its discretion to raise a cardmember's rate because of rising market rate, but does not initially disclose the specific circumstance under which an increase will occur. 12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1. As Chase avers, because it discloses the basis on which it will increase interest rates due to default, and discloses the highest rate that could apply,[4] an increase in the interest rate based on these specified circumstances

---

452 U.S. 205, 219 (1981).

[4] Chase notes that, as stated in the Agreements, there may be circumstances in which Chase chooses not to increase the rate to the highest possible disclosed rate after a default. Chase avers that the fact that it does so does not require any additional disclosure. Section 226.9(c)(2) provides that "[n]o notice . . . is required when the change involves . . . a reduction of any component of a finance or other charge." 12 C.F.R. § 226.9(c)(2). A decision not to increase the interest the interest rate has the same effect as a reduction in the maximum interest rate from the higher, default rate to the lower, promotional rate. Chase avers that consistent with section 226.9(c)(2) this circumstance does not require a change in terms notice, so this discretion given to Chase in the agreements does not change the analysis. (Mot., p. 7, n. 5.) The Court agrees. A decision not to increase a rate is analytically indistinct from a decision to lower a rate: in both cases the consumer benefits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

is not a change in terms within the meaning of Regulation Z, and no additional notice to the cardmember is required. (Mot., p. 7.) Chase concludes that the TILA provisions and commentary quoted by McCoy in paragraphs 27 through 29 of the SAC are inapposite, because they concern the kind of written notice required after a change in terms. The Court agrees and dismisses McCoy's first claim.

    D.    <u>Second, Third, and Fourth Claims: Declaratory Relief, Severance of Terms, Illegal Penalty</u>

McCoy contends that Chase's practice of increasing interest rates based on a delinquency is unconscionable, and therefore that he is entitled to declaratory relief, reformation and damages for imposing and enforcing an illegal penalty. (SAC, ¶¶ 35-46.)

Judge Conti dismissed identical causes of action brought by McCoy's counsel against Chase. <u>Evans</u>, 2006 WL 213740 at * 3. Further, the Agreement identifies the actions by a borrower that authorize Chase to increase McCoy's interest rate to the Non-Preferred rate:

> Any promotional rate or regular Preferred Pricing rate may change to your Non-Preferred/Default APR rate if any loan or account of yours with us *or your other creditors was past due*, your Account was overlimit, any payment on your Account was returned unpaid or if your Account was closed for any reason.

(SAC, ¶ 16; emphasis added by McCoy.) Chase argues here, as it did successfully before Judge Conti, that this provision, which permits Chase to raise a cardholder's interest rate after certain occurrences, is specifically authorized by the law of Chase's home state, Delaware. Pursuant to section 85 of the National Bank Act, 12 U.S.C. § 85, Delaware law governs the interest rate charged by Chase and the methodolgy used to determine that rate. Section 994 of the Delaware Banking Act provides:

> If the agreement governing the revolving credit plan so provides, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

periodic percentage rate or rates of interest under such plan may vary in accordance with a schedule or formula. . . . Without limitation, a permissible schedule or formula hereunder may include provision in the agreement governing the plan for a change in the periodic percentage rate or rates of interest applicable to all or any part of outstanding unpaid indebtedness . . . contingent upon the happening of any event or circumstances specified in the plan, which event or circumstance may include the failure of the borrower to perform in accordance with the terms of the plan.

5 Del. C. § 994. As Judge Conti noted, the "statute declares that a permissible formula or schedule can be based on the occurrence or non-occurrence of an event or circumstance described in the agreement, such as we see in the Cardmember Agreement." Evans, 2006 WL 213740 at * 3. Judge Conti further noted, "[t]he Cardmember Agreement, by describing what events will cause default rates to go into effect, complies with these requirements." Id. Judge Conti therefore concluded, and this Court agrees, that the terms of the Agreement are not unconscionable, but rather the are specifically authorized by statute. Id. The Court therefore dismisses McCoy's second, third, and fourth claims for relief.

E. Fifth Claim: Consumer Fraud

McCoy also alleges that Chase committed consumer fraud by failing to provide notice of an increase in interest triggered by the cardholder's default with another creditor, and that Chase applies the increase to the start of the billing cycle. (SAC, ¶ 54-55.)

The specific statute, 6 Del. C. § 2513(a) (2005), prohibits:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

McCoy has failed to state a claim for consumer fraud. Chase expressly notifies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-107 JVS (RNBx) | Date | August 10, 2006 |
| Title | James A. McCoy v. Chase Manhattan Bank USA | | |

cardmembers of the actions that it may take in the event of a default, rather than practicing concealment or making false promises. See Evans, 2006 WL 213740 at * 5. McCoy's fifth claim for relief is dismissed.

  F. Sixth Claim: Breach of Contract

  McCoy claims that because the Agreement is governed by federal law it "incorporate[s] federal law" and hence "Chase is contractually bound to comply with federal law," making any violation thereof a breach of contract. (SAC, ¶ 66.)

  As Judge Conti noted, based on identical claims, this claim is a reiteration of McCoy's first claim. Evans, 2006 WL 213740 at * 4. The Agreement provides notice that Chase may vary a cardmember's rates. Regulation Z does not require any more notice from Chase. Id. As Judge Conti noted, "even if federal law applies, Chase has not, under the fact alleged, infracted it." Id. Therefore McCoy's fifth claim for relief is dismissed.

  G. Seventh Claim: Breach of the Covenant of Good Faith and Fair Dealing

  McCoy alleges that by taking the alleged actions, Chase breached the implied covenant of good faith and fair dealing. However, as noted, Chase's actions are explicitly authorized by the Agreement. Hence McCoy's seventh claim for relief is dismissed.

IV. CONCLUSION

  For the foregoing reasons, the Court dismisses McCoy's SAC with prejudice.

  Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court deems the matter submitted without oral argument, and removes the August 14, 2006 hearing from its calendar.

Initials of Preparer _____