# EXHIBIT C



Westlaw.

Slip Copy                                                                                                                                       Page 1

Slip Copy, 2006 WL 2192435 (W.D.Wash.)
(Cite as: Slip Copy)

Briefs and Other Related Documents
Penner v. Chase Bank USA, N.A.W.D.Wash.,2006.Only the Westlaw citation is currently available.
United States District Court, W.D. Washington, at Tacoma.
Lisa PENNER, Paul Haugh and Darci Haugh, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
CHASE BANK USA, N.A., and Bank One, Delaware, n.a., Defendants.
**No. C06-5092 FDB.**

Aug. 1, 2006.

Barry Leonard Kramer, Kreindler & Kreindler, New York, NY, Brian R. Strange, Strasburger & Price, Dallas, TX, Frederick W. Schoepflin, John H. Bright, Mark Adam Griffin, Keller Rohrback, Seattle, WA, for Plaintiffs.
Angela L. Padilla, Morrison & Foerster, San Francisco, CA, James P. Savitt, Savitt & Bruce LLP, Seattle, WA, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FRANKLIN D. BURGESS, District Judge.
*1 This matter comes before the Court on a Fed.R.Civ.P. 12(b)(6) motion of Defendants Chase Bank USA, N.A. and Bank One Delaware, N.A. (hereafter, Chase) to dismiss Plaintiffs' First Amended Complaint for failure to plead any facts that state a cause of action. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses the First Amended Complaint for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Plaintiffs Lisa Penner, Paul Haugh, and Darci Haugh, on behalf of themselves and all others similarly situated, allege that Chase engages in a practice of increasing interest rates retroactively, without giving advance notice, violating the Truth in Lending Act (TILA), the Cardmember Agreement, and state contract and consumer protection laws.[FN1]

   FN1. This Court takes particular notice of the decision of Judge Conti in *Evans v. Chase Manhattan Bank USA, N.A.*, 2006 WL 213740 (N.D.Cal.,2006)(Slip Copy, January 27, 2006), wherein the Court dismissed a complaint against Chase asserting nearly identical claims. This Court finds Judge Conti's well-reasoned decision highly persuasive and regrets the necessity of revisiting the issues.

Chase is a national banking association organized under the National Bank Act with its home office in the State of Delaware. Plaintiffs purport to represent all Chase credit card members in Washington " whose interest rates charges on outstanding balances were retroactively increased by Chase without warning or advance notice." Plaintiffs contend that Chase violated Regulation Z of the TILA, 12 C.F.R. § 226.9(c), by failing to notify its customers of increases in the interest rates before the effective date of the change. Plaintiffs assert that Chase is not in compliance with Regulation Z because rate increases are discretionary, are based on unknown factors, and are applied retroactively. Plaintiffs asset that such unannounced and retroactive interest rate increases are unfair, unconscionable and constitute illegal penalties.

The First Amended Complaint alleges six causes of action arising out of Chase Cardmember interest rate practices: (1) Chase's practices violate the TILA, (2) Plaintiffs are entitled to declaratory relief, (3) the Court should sever the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2192435 (W.D.Wash.)
(Cite as: Slip Copy)

unconscionable contract terms, (4) the Court should declare that Chase's practice is the imposition of an illegal penalty, (5) Chase is committing consumer fraud under Washington's Consumer Protection Act, RCW 19.86, and (6) Chase breached its contract with cardholders.

Chase contends that its practices are in compliance with the TILA, Regulation Z, as the retroactive increases complained of are the implementation of lawful terms explicitly disclosed in the Cardmember Agreement. Thus, Chase claims there is no violation of the TILA or breach of contract. Chase further asserts that Plaintiffs' common law claims fail because the challenged practices are explicitly authorized by federal and State of Delaware law and that the State of Washington consumer protection law claim is preempted.

The Cardmember Agreement [FN2] between Chase and Plaintiffs specifically provides that the annual percentage rate "may vary" if the cardmember is in default under the Agreement for the following specified reasons: failure to make minimum payments, exceeding credit limits, failure to make payment to other creditors, payments with dishonored checks, and upon demand after closing the account. The Cardmember Agreement states that if any of these default events occurs, Chase " may increase the APRs (including any introductory or promotional APR) on all balances (including existing balances, but not Overdraft Advances) "up to a maximum default rate of the prime rate plus 23.99%." The Agreement further lists factors considered to determining the default rate, such as length of time account is open; existence, serious and timing of defaults on the account; other indications of account usage and performance; and information related to credit history. The Agreement provides that Chase reserves the discretion to charge reduced default rates below the maximum default rate stated in the rates and fees table. Finally, the Agreement provides that the " default rate will take effect as of the first day of the billing cycle in which the default occurs, and will apply to purchase balances from the previous billing cycle for which periodic finance charges have not been already billed."

FN2. Plaintiffs did not attach to their Complaint a copy of the Cardmember Agreement to which the Complaint makes reference. The Cardmember Agreement of Plaintiff Paul Haugh has been cited by Defendants and is referenced in this Order.

**STANDARDS FOR RULE 12(b)(6) DISMISSAL**

*2 On a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, taking all his allegations as true and drawing all reasonable inferences from the complaint in his favor. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Doe v. U.S.,* 419 F.3d 1058, 1062 (9th Cir.2005). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); *La Salvia v. United Dairymen,* 804 F.2d 1113, 1116 (9th Cir.1986). Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky,* 140 F.3d 433, 440 (2nd Cir.1998).

**REGULATION Z AND THE TRUTH IN LENDING ACT**

The Federal Reserve Board has adopted regulations (Regulation Z, 12 C.F.R., part 226) implementing provisions of the TILA. Section 226.6(a)(2) requires "a disclosure of each periodic rate that may be used to compute the finance charge ... and the corresponding annual percentage rate." Section 226.9(c)(1), requires creditors to notify consumers whenever "any term required under § 226.6 is changed." The Official Staff Commentary [FN3] to Regulation Z ("Commentary"), requires Chase to provide written notice "if there is an increased periodic rate or any other finance charge attributable to the consumer's delinquency or default." 12 C.F.R. pt. 226, Supp. I, § 226.9(c)(1), cmt. 3. The Commentary goes on to state, however, that "[n]o notice of a change in terms need be given

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4 of 6

Page 3

Slip Copy

Slip Copy, 2006 WL 2192435 (W.D.Wash.)
**(Cite as: Slip Copy)**

if the specific change is set forth initially, such as: [r]ate increases under a properly disclosed variable-rate plan." 12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1.

FN3. The Commentary, which is put forth by the Board of Governors of the Federal Reserve System is entitled to a great deal of deference. *Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 219, (1981)

In *Evans v. Chase Manhattan Bank USA, N.A.,* 2006 WL 213740 (N.D.Cal.,2006) (Slip Copy, January 27, 2006), Judge Conti reviewed the exact circumstances alleged here and found that Chase's Cardmember Agreement gives cardmembers the appropriate notice required under Regulation Z. Addressing plaintiffs' allegations that the rate increases are discretionary and based on unknown factors, Judge Conti noted that Regulation Z states that "notice must be given if the contract allows the creditor to increase the rate at its discretion but does not include specific terms for an increase." 12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1. According to the Commentary, because Chase's Cardmember Agreement discloses the specific terms for its increases, it is not bound by Regulation Z's notice requirements. *Evans,* 2006 WL 213740 at 2. Chase discloses the maximum rate it will set an APR in the event of a cardmembers default. Thus, the increase in rates based upon a cardmembers default is not a "change in terms" under the TILA because the rate increase has been previously disclosed. Similarly, because Chase gives the reasons for its rate changes, Plaintiffs' contention that they are based on unknown factors is simply not accurate. That Chase may elect not to increase the rate to the maximum allowable by the Cardmember Agreement does not require any additional notice. Section 226.9(c)(2) provides that "[n]o notice ... is required when the change involves ... reduction of any component of a finance or other charge." A decision not to increase the interest rate to the maximum allowed has the same effect as a reduction in the maximum default to a lower rate. See, *Evans* 2006 WL 213740 at 2-3.

*3 Plaintiffs assert that the retroactive nature of Chase's rate increase is a "change in terms" requiring prior notice. Judge Conti rejected this allegation as well:

[T]he Court is unimpressed by Plaintiffs' complaints that the rate increases are discretionary, that they are based on unknown factors, and that the rate increases are **retroactive.** These complaints have nothing to do with Regulation Z's notice requirements. **The Official Staff Commentary to Regulation Z states that " notice must be given if the contract allows the creditor to increase the rate at its discretion but does not include specific terms for an increase."** 12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1. According to the Commentary, because Chase's Cardmember Agreement discloses the specific terms for its increases, it is not bound by Regulation Z's notice requirements.FN5 Similarly, because Chase gives the reasons for its rate changes, Plaintiffs' contention that they are based on unknown factors is simply not accurate. Finally, **that Chase applies rate increases retroactively is disclosed by the Cardmember Agreement.**

*Evans,* 2006 WL 213740 at 2-3. (emphasis added, citations omitted).

The Cardmember Agreement sets forth the circumstances constituting default and the maximum default interest rate. It further identifies the specific terms that might result in higher interest rate up to the maximum default rate and the factors considered in determining whether to charge the maximum default rate or a lower rate. The Cardmember Agreement also explicitly states that the increase in rates will take effect as of the first day of the billing cycle in which the default occurs, and will apply to purchase balances from the previous billing cycle for which periodic finance charges have not been already billed. As Judge Conti held in *Evans,* an increase in interest rate based explicitly on the terms set forth in the Cardmember Agreement is simply not a "change in terms" that requires notice. The Complaint does not state a claim for relief under the TILA and thus, the First Cause of Action for violation of the TILA is subject to dismissal.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

Slip Copy

Slip Copy, 2006 WL 2192435 (W.D.Wash.)
(Cite as: Slip Copy)

## DECLARATORY RELIEF AND COMMON LAW CLAIMS

Plaintiffs' second, third and forth causes of action allege that these same provisions are unfair and unconscionable and constitute an illegal penalty. Specifically, Plaintiffs' second claim asks the Court for a determination and a declaration that these provisions are unfair, unconscionable and constitute an illegal penalty, and as such are unenforceable. Plaintiffs request an award of damages to the extent Chase has enforced the unconscionable and illegal penalty. Plaintiffs' third cause of action asks the Court to sever the unconscionable contract terms and for appropriate damages. Plaintiffs' fourth cause of action asks the Court for an order enjoining Chase from further enforcement and collection of increased finance charges based on interest rates imposed retroactively and without advance notice. Plaintiffs also ask the Court to order Chase to make restitution and disgorge its profits.

*4 Chase contends that the provisions are authorized by the law of Chase's home state, Delaware and cannot be deemed unconscionable.

Judge Conti dismissed virtually identical causes of action brought against Chase in *Evans v. Chase Manhattan Bank USA, N.A.*, 2006 WL 213740 (N.D.Cal., 2006)(Slip Copy, January 27, 2006). Again, this Court finds Judge Conti's analysis persuasive. The Cardmember Agreement states that the terms of the Agreement shall be governed and interpreted in accordance with the laws of Delaware. Section 944 of the Delaware Banking Act, 5 Del. C. § 944, states that "[i]f the agreement governing the revolving credit plan so provides, the periodic percentage rate or rates of interest under such plan may vary in accordance with a schedule or formula." A permissible schedule or formula may include provision in the agreement governing the plan for a change in rates of interest applicable to all or any part of outstanding unpaid indebtedness contingent upon the happening of any event or circumstance specified in the plan, which event or circumstance may include the failure of the borrower to perform in accordance with the terms of the plan. 5 Del. C. § 944. The Cardmember Agreement complies with these requirements. See, *Evans*, 2006 WL 213740 at 3. Based on this statutory authority, Judge Conti held that "[w]here, as here, Delaware law not only speaks directly to the issue, but specifically authorizes the custom, the Court will not declare the terms unconscionable." *Evans*, 2006 WL 213740 at 3.

This Court (and Judge Conti, in *Evans* ) has determined that the Complaint does not allege facts that support the allegation that the practices of Chase violate either federal or State of Delaware law. It is also evident that the retroactive increase in interest charges do not constitute an unlawful penalty. See, *United States v. Childs*, 266 U.S. 304, 307 (1924)("A penalty is a means of punishment; interest a means of compensation"); *Citibank, N.A. v. Nyland, Ltd.*, 878 F.2d 620, 624-25 (2nd Cir.1989)(Increased in interest rate on principal in the event of a default to a "default rate" of 17.5% is not an unlawful penalty, but simply reflects the heightened risk of repayment that the creditor bears upon entry of default).

The terms of the Cardmember Agreement are not unconscionable and do not constitute an unlawful penalty. Plaintiffs' second, third and fourth causes of action are subject to dismissal.

## WASHINGTON'S CONSUMER PROTECTION ACT

Plaintiffs' fifth cause of action alleges a violation of Washington's Consumer Protection Act, (CPA), RCW 19.86. This action fails because the CPA expressly exempts actions or transactions which are "otherwise permitted, prohibited or regulated under laws administered by ... any other regulatory body or officer acting under statutory authority of ... the United States." RCW 19.86 .170.

In *Miller v. U.S. Bank of Washington, N.A.*, 72 Wn.App. 416, 865 P.2d 536 (1994), the court held bank customers's claim against bank alleging that loan collection practices were unfair or deceptive in violation of Washington's Consumer Protection Act was preempted by the National Bank Act. The relationship between bank and customer concerning a bank's loan collection practices was specifically

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2192435 (W.D.Wash.)
(Cite as: Slip Copy)

Page 5

regulated by U.S. Comptroller of the Currency. Comptroller was uniquely qualified to regulate and resolve disputes arising in bank-customer relationship, and danger existed that state court decisions could conflict with Comptroller's decisions and regulations. Given the pervasive federal regulation of banking system and its intent to regulate unfair and deceptive practices, the customer could not maintain a CPA claim. *Id.*, at 421-22.

*5 Plaintiffs' CPA claim is subject to dismissal for the reasons set forth in *Miller*. Additionally, this Court has already determined that Chase's rate increase practices are not unconscionable. The Cardmember Agreement provides cardmembers notification of the maximum default interest rate, that Chase may change a cardmember's APR upon a default, that it would apply rate increases retroactively, and that it "may consider" various factors in determining a new APR. These practices do not constitute a violation of the CPA. See, *Evans*, 2006 WL 213740 at 5-6 (Chase's interest rate practices do not violate Delaware or California consumer protection laws).

Plaintiffs' fifth cause of action is subject to dismissal.

### BREACH OF CONTRACT

Plaintiffs' sixth cause of action alleges a breach of contract on the basis that the Cardmember Agreement incorporates federal law and this incorporated federal law, specifically Regulation Z, was violated. As noted by Judge Conti, this is simply a reiteration of Plaintiffs' first cause of action: violation of the TILA, and is subject to dismissal for the same reasons. See, *Evans*, 2006 WL 213740 at 5. This Court is in agreement. Chase's practices do not violate Regulation Z and thus there is no breach of contract premised upon incorporation of Regulation Z into the contract. Plaintiffs have failed to allege a cause of action for breach of the Cardmember Agreement. The sixth cause of action is subject to dismissal.

### CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs have not alleged facts sufficient to sustain a cause of action for violations of the TILA, state law, common law and the contractual agreements.

ACCORDINGLY,

IT IS ORDERED:

Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. # 20] is **GRANTED,** and this case dismissed in its entirety, with prejudice

W.D.Wash.,2006.
Penner v. Chase Bank USA, N.A.
Slip Copy, 2006 WL 2192435 (W.D.Wash.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 2302598 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Jun. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 1390238 (Trial Pleading) Complaint - Class Action (Feb. 16, 2006) Original Image of this Document (PDF)
• 2006 WL 1860527 (Trial Pleading) First Amended Complaint-Class Action (Feb. 16, 2006) Original Image of this Document (PDF)
• 3:06cv05092 (Docket) (Feb. 16, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.