# EXHIBIT I

15 of 24 DOCUMENTS

**TODD BUDNIK and DEBORAH BUDNIK, Plaintiffs, v. BANK OF AMERICA MORTGAGE, Defendant.**

**03 C 6116**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2003 U.S. Dist. LEXIS 22542*

**December 15, 2003, Decided
December 16, 2003, Docketed**

**DISPOSITION:** [*1] Plaintiffs' motion to remand denied. Request for costs and fees incurred in connection with removal of action denied.

**COUNSEL:** For TODD P BUDNIK, DEBORAH N BUDNIK, plaintiffs: Brian J Wanca, Anderson & Wanca, Rolling Meadows, IL.

For BANK OF AMERICA MORTGAGE, defendant: Linda Beth Dubnow, Jeffrey C. Torres, McGuireWoods LLP, Chicago, IL.

**JUDGES:** Blanche M. Manning, United States District Judge.

**OPINION BY:** Blanche M. Manning

**OPINION**

**MEMORANDUM AND ORDER**

Plaintiffs Todd and Deborah Budnik filed suit against Bank of America Mortgage, an operating division of Bank of America, in state court. The Budniks' complaint, which is styled as a class action, alleges that Bank of America Mortgage improperly retained extra per diem interest on their mortgage loan. Bank of America Mortgage removed this case, alleging that the Budniks' claims were preempted by federal law. The Budniks' motion to remand is before the court. For the reasons set forth below, the motion is denied.

**I. Background**

The following allegations are drawn from the Budnicks's complaint. In December of 2002, the Budnicks sold a parcel of real estate. Bank of America Mortgage held the Budnick's mortgage. [*2] In connection with the payoff of the mortgage, a third-party title insurance company collected money from the Budnicks. The payoff statement prepared by Bank of America Mortgage included an anticipated per diem interest charge for a date which turned out to be past the actual closing date. According to Bank of America Mortgage, it chose the date because it anticipated that the loan would be paid off but did not know when the closing would take place.

Bank of America failed to refund the anticipated but unearned interest after the Budnicks fully paid off their loan. The Budnicks' claims center on the anticipated but unearned interest. They do not challenge the rate of interest charged by Bank of America Mortgage and expressly disclaim any usury or federal claims, as well as any recovery over $ 75,000 inclusive of damages and fees.

**II. Discussion**

The fate of the motion to remand turns on whether the Budnicks' complaint is based on state or federal law. Under the well-pleaded complaint rule, a cause of action arises under federal law when the plaintiff's complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987)*. [*3] The plaintiff is thus the master of her complaint and can control the litigation through the issues she raises, as opposed to those that the defendant includes in its response. *Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1486 (7th Cir. 1996)*. This means that a defendant cannot remove a case to federal court under the guise of federal preemption simply by raising a federal question as a defense. *Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)*; *Speciale v. Seybold, 147 F.3d 612, 615 (7th Cir. 1998)*.

A plaintiff, however, may not prevent the defendant from removing her case by framing her claims under state law and omitting federal questions that are essential to her recovery. *Franchise Tax Board, 463 U.S. at 22*. This principle is known as the artful pleading rule. *Id.* Therefore, the court must determine whether the Budnicks couched a federal cause of action in terms of state law. *Burda v. M. Ecker Co., 954 F.2d 434, 438 (7th Cir. 1992)*. If the plaintiffs' state law claims in fact raise a federal question, their claims arise under federal [*4] law and are removable. *Id.*

Bank of America Mortgage contends that the plaintiffs' claims are federal because they are preempted by the National Bank Act, *12 U.S.C. § 21, et seq.* As a general rule, federal preemption is a federal defense to a state law cause of action and thus does not permit a defendant to remove a case from state court. *Bastien v. AT&T Wireless Servs., Inc., 205 F.3d 983, 986 (7th Cir. 2000)*. In some instances, however, Congress has so completely preempted an area that a complaint is "necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor, 481 U.S. at 63-64*. If an area of state law is completely preempted by federal law, a claim purportedly based on state law is considered to be federal. *Franchise Tax Board, 463 U.S. at 24*.

Federal preemption of state law claims can be either express or implied. Where Congress expressly occupies a field, state law in that area is preempted. *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 212-213, 75 L. Ed. 2d 752, 103 S. Ct. 1713 (1983)*. On the other hand, if a scheme of federal regulation [*5] is pervasive enough to support an inference that Congress meant to completely occupy that area, implied preemption applies and prevents a plaintiff from pursuing a claim premised on state law. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153, 73 L. Ed. 2d 664, 102 S. Ct. 3014 (1982)* ("the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the subject, or because the object sought to be obtained by federal law and the character of obligations imposed by it may reveal the same purpose").

So, does the National Bank Act preempt the Budnicks' claims? The Budnicks say "no," contending that Bank of America Mortgage is not a national bank and that, in any event, they are not challenging the interest rate charged by Bank of America Mortgage. Bank of America Mortgage says "yes," noting that the Budnicks are, in essence, claiming that the rate of interest is usurious since usury is defined as the making of an "illegal profit" on a sum of money loaned to a borrower.

The court will begin by addressing whether Bank of America Mortgage is entitled to invoke the National [*6] Bank Act in the first instance. According to Bank of America Mortgage, it can because it is an operating division of Bank of America, which is a national bank. This is correct. The National Bank Act empowers national banks, such as Bank of America, to conduct banking business through operating subsidiaries, such as Bank of America Mortgage. *See Wells Fargo Bank, N.A. v. Boutris, 265 F. Supp. 2d 1162, 1168-69 (E.D. Cal. 2003); see also 12 U.S.C. § 24a(g)(3)*. This power allows operating subsidiaries to make mortgage loans and engage in related mortgage banking activities. *Wells Fargo Bank, N.A. v. Boutris, 265 F. Supp.2d at 1168*. Courts have uniformly "treated the activities of an operating subsidiary as being equivalent to the activities of the national bank." *265 F. Supp. 2d at 1169* (collecting cases). [1] The court will thus move on to the preemption issue.

> 1 The court notes that it would have been helpful if Bank of America Mortgage had provided a citation to authority germane to federal banking institutions rather than citing to *Rule 17(b)*, which provides that the capacity of most entities to sue or be sued is governed by the law of the state in which the district court sits.

[*7] This turns on whether the Budnicks are, despite the wording of their complaint, claiming that the amount of interest charged by Bank of America Mortgage is usurious. The Budnicks appear to be contending that the so-called unearned interest that is at the heart of their complaint is some sort of amorphous sum of additional money rolled into their loan, as opposed to interest that Bank of America Mortgage was not entitled to receive. Under this logic, the extra money rolled into the payoff statement and called "interest" would only transmute into actual "interest" day to day as it is earned.

*Section 86 of the National Bank Act* allows recovery for "the taking, receiving, reserving, or charging a rate of interest greater than what is allowed under *Section 85* of this Title." *12 U.S.C. § 86*. The Supreme Court has held that *sections 85 and 86* provide an exclusive cause of action for excessive interest claims and thus "there is no such thing as a state-law claim of usury against a national bank." *Beneficial National Bank v. Anderson, 539 U.S. 1, 156 L. Ed. 2d 1, 123 S. Ct. 2058, 2063 (2003)*. As noted above, the activities of an operating subsidiary are treated [*8] like the activities of a national bank so this rule is equally applicable to Bank of America Mortgage. *Wells Fargo Bank, N.A. v. Boutris, 265 F. Supp.2d at 1169*.

Regardless of the Budnicks' characterization of the unearned interest, they are in fact attacking the overall

2003 U.S. Dist. LEXIS 22542, *

amount of interest charged by Bank of America Mortgage. As the saying goes, if it walks like a duck and quacks like a duck, it must be a duck. The "unearned interest" only exists because the payoff statement prepared by Bank of America Mortgage included an *anticipated per diem interest charge* for a date which turned out to be past the actual closing date. The unearned interest is a bonus amount of interest that was unearned and thus was due back to the Budnicks. The Budnicks, therefore, are raising a state law usury claim based on an excessive interest charge. *See* 45 Laura Dietz & Anne M. Payne, American Jurisprudence, Interest and Usury § 2 (2d ed.2002) ("Usury is the receiving, securing, or taking of a greater sum or value for the loan or forbearance of money, goods, or things in action than is allowed by law, the exaction of a greater sum for the use of money than the highest rate of interest [*9] allowed by law"); *General Motors Acceptance Corp. v. Kettelson, 219 Ill. App. 3d 871, 580 N.E.2d 187, 162 Ill. Dec. 561 (2d Dist. 1991)* (defining usury as an illegal profit received by a lender in connection with a sum of money loaned to a borrower). Accordingly, their unearned interest claims are preempted by federal law.

### III. Conclusion

For the above reasons, the Budnicks' motion to remand [7-1] is denied.

DATE: DEC 15 2003

Blanche M. Manning

United States District Judge