IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA M. SWANSON, an individual, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| | ) Case No. 08 C 184 |
| Plaintiff, | )<br>) |
| v. | ) Judge St. Eve<br>) |
| BANK OF AMERICA, N.A. and FIA CARD SERVICES, N.A. | )<br>) Magistrate Judge Cox<br>) |
| Defendants. | ) |

**Joint Status Report of the Parties and
Proposed Scheduling of Discovery**

As directed by the Court and Federal Rule of Civil Procedure 26(f), counsel for the parties, Michael S. Hilicki (for Plaintiff) and Brandon Fernald (for Defendants), held an initial meeting by telephone on January 29, 2008. Per the Court's standing order, the parties hereby submit the following initial status report.

**1.    The Nature of the Case.**

   A.    <u>The Attorneys of Record for Each Party, Including the Lead Trial Attorney</u>.

For Plaintiff, Lawrence Walner, Michael S. Hilicki and Barry Kramer (application to appear *pro hac vice* pending). Barry Kramer will be Plaintiff's lead trial attorney.

For Defendants, Robert M. Dawson, Brandon Fernald, William J. McKenna and Katherine E. Licup. Robert M. Dawson will be Defendants' lead trial attorney.

   B.    <u>The Basis for Federal Jurisdiction</u>.

Defendants removed this case from state court based on the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions under 28 U.S.C. § 1332(d).

C.      The Nature of the Claims Asserted in the Complaint and Any Counterclaims.

Plaintiff raises two claims on behalf of herself and a proposed class of people who used credit cards issued by Defendants.  First, Plaintiff claims that Defendants are liable for unjust enrichment stemming from their retroactive increase in the interest rates on Plaintiff's and the proposed class members' credit cards.  Plaintiff claims that the additional charges resulting from the retroactive increases constitute illegal penalties.

Second, Plaintiff claims that Defendants' practice of retroactively raising Plaintiff's and the proposed class members' interest rates constitutes an unfair and deceptive practice under the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

At present, Defendants have not filed any counterclaims.

D.      The Major Legal and Factual Issues in the Case.

Major fact issues include:

1.      Whether Defendants retroactively increased the interest rates on Plaintiff's and the proposed class members' credit cards.

2.      The amount of additional charges Defendants' collected as a result of the retroactive rate increases.

Major legal issues include:

1.      Whether the additional charges stemming from the retroactive rate increases constitute illegal penalties.

2.      Whether Defendants' receipt of the additional charges renders them liable for unjust enrichment.

   3. Whether Defendants' imposition of and nondisclosure relating to the retroactive rate increases violates the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

   4. Whether a class should be certified.

   5. Whether Plaintiffs' claims are preempted by federal banking law.

 E. <u>Relief Sought by Plaintiff</u>

   1. Certification of a class of similarly-situated card holders with Illinois billing addresses.

   2. Recovery of the additional charges Defendants collected as a result of the retroactive rate increases.

   3. Punitive damages.

   4. Attorneys' fees and costs.

**2.** **Pending Motions and Case Plan.**

 A. <u>All Pending Motions</u>.

   1. Defendants' motion to dismiss based on federal preemption.

 B. <u>Proposed Discovery Plan</u>.

   1. <u>Preliminary Comment on How to Proceed with Discovery</u>.

    a. Defendants believe that discovery should be bifurcated. Defendants believe that initially discovery should be limited to that which is reasonably necessary to prepare for a motion for class certification, and that merits discovery should be delayed until the Court rules on class certification.

    b. Plaintiff believes there should be no bifurcation because it inevitably results in collateral litigation about whether a particular discovery

request goes to "class" or "merits" issues (often, the discovery being fought over goes to both), and because it is speculative to suggest that bifurcation would provide any benefit because the parties have not exchange discovery requests. The better way to proceed is to let the parties raise and resolve any discovery issues in accordance with the Federal and Local Rules. Specifically, the parties should serve their discovery requests so that they can actually see if bifurcation will serve any purpose, they should privately discuss any concern that a particular request seeks discovery that should be deferred and, if they cannot agree or compromise, then and only then should the Court address the matter, as contemplated by Local Rule 37.2 and Fed. R. Civ. P. 26(c).

2.    <u>Types of Discovery Needed</u>.

*For Plaintiff*:

a.    The number of people in the proposed class.

b.    The amount of money Defendants collected from Plaintiff and each proposed class member each year as a result of retroactive rate increases.

c.    Defendants' methodology for determining whether and when to retroactively increase a card holder's interest rate, and by how much.

d.    What notice, if any, Defendants gave Plaintiff and the proposed class members of the retroactive rate increases.

e.    All information Defendants possess relating to the named Plaintiff.

*For Defendant*:

a.    Pre-class certification, discovery relating to the class representative, including but not limited to Plaintiff's credit card accounts,

historical financial status, historical credit status, employment history, efforts to mitigate any alleged damages, etc.

  b. Post-class certification, discovery relating to individual class members concerning the subject matter of this lawsuit.

3. <u>Date for Rule 26(a)(1) Disclosures</u>.

  a. February 12, 2008, as provided by Fed. R. Civ. P. 26(a)(1).

4. <u>Fact Discovery Completion Date</u>.

  a. Fifteen months after discovery opens if no bifurcation.

  b. If bifurcation, then nine months after merits discovery opens.

5. <u>Expert Discovery Dates</u>.

  a. Produce affirmative expert reports forty-five days after fact discovery completed.

  b. Produce rebuttal expert reports twenty-one days after affirmative expert reports produced.

  c. Depose Experts within thirty days after expert reports produced.

6. <u>Date for Filing Dispositive Motions</u>.

  a. Sixty days after cutoff for deposing experts.

7. <u>Date for Filing Final Pretrial Order</u>.

  a. Four months after dispositive motion deadline.

8. <u>Additional Issues</u>.

  a. Defendants believe that the timing of expert disclosures, merit based discovery and motion cut-off deadlines should be revisited after the Court rules on Plaintiff's motion for class certification. Until that time, it

is difficult to predict what discovery, expert or otherwise, will be necessary and consequently what the timing of future pre-trial proceedings should be.

    C. <u>Trial Issues</u>.

        1. <u>Jury Request</u>?

None.

        2. <u>Probable Trial Length</u>?

Three to five days.

        3. <u>When Will the Case Be Ready for Trial</u>?

This depends on whether any motions are filed in lieu of an answer and whether discovery will be stayed pending the resolution of the motions, and whether discovery is bifurcated between class and merits issues. The case can be ready for trial about twenty-four months after discovery opens.

**3. Consent to Proceed Before a Magistrate.**

At present, the parties do not agree to proceed before the magistrate judge.

**4. Status of Settlement Discussions.**

    A. <u>Have Any Settlement Discussions Occurred</u>?

No.

    B. <u>Describe the Status of Any Settlement Discussions</u>?

N/a.

    C.    <u>Do the Parties Request a Settlement Conference</u>?

At present, the parties do not request a settlement conference.

Dated: January 31, 2008

Respectfully submitted,

| s/Michael S. Hilicki | s/Brandon Fernald |
|---|---|
| One of Plaintiff's Attorneys | One of Defendants' Attorneys |
| | |
| Lawrence Walner | Robert M. Dawson |
| Michael S. Hilicki | Brandon C. Fernald |
| Lawrence Walner & Associates, Ltd. | Fulbright & Jaworski L.L.P. |
| 150 North Wacker Drive, Suite 2150 | 555 South Flower Street |
| Chicago, Illinois 60606 | Forty-First Floor |
| Tel:  (312) 201-1616 | Los Angeles, CA 90071 |
| Fax:  (312) 201-1538 | Tel:  (213) 892-9215 |
| | Fax:  (213) 892-9494 |
| | |
| Barry L. Kramer | William J. McKenna |
| Law Offices of Barry L. Kramer | Katherine E. Licup |
| 11111 Santa Monica Blvd. | Foley & Lardner LLP |
| Suite 1860 | 321 North Clark |
| Los Angeles, California 90025-3352 | Suite 2800 |
| Tel:  (310) 235-9980 | Chicago, IL 60610 |
| Fax:  (310) 235-9982 | Tel:  (312) 832-4500 |
| Attorneys for Plaintiffs | Fax:  (312) 832-4700 |
| | Attorneys for Defendants |

## CERTIFICATE OF SERVICE

      I, Michael S. Hilicki, certify that on January 31, 2008, I caused a copy of the attached **Joint Status Report of the Parties and Proposed Scheduling of Discovery** to be served on the persons on the service list and at the email addresses below via the Court's ECF filing system.

                                            s/Michael S. Hilicki
                                            Michael S. Hilicki

### Service List

Robert M. Dawson (c/o Brandon Fernald)
Brandon C. Fernald
Fulbright & Jaworski L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Tel:    (213) 892-9215
Fax:   (213) 892-9494
bfernald@fulbright.com

William J. McKenna
Katherine E. Licup
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60610
Tel:    (312) 832-4500
Fax:   (312) 832-4700
wmckenna@foley.com
klicup@foley.com