IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA M. SWANSON, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A. and FIA CARD SERVICES, N.A.<br><br>　　　　　　Defendants. | )<br>)<br>)<br>) Case No. 08 C 184<br>)<br>)<br>) Judge St. Eve<br>)<br>)<br>) Magistrate Judge Cox<br>)<br>) |

**Plaintiff's Motion for Leave to File Second Amended Complaint**

Plaintiff, pursuant to Federal Rule of Civil Procedure 15(a)(2), asks the Court for leave to file the attached Second Amended Complaint, and states:

　　1.　　This case arises from Defendants' practice of retroactively increasing the interest rate on their credit card holders' accounts, *i.e.*, Defendants imposed a higher interest rate and collected additional "interest" on money loaned for a period that had already passed at the time the increase was imposed.

　　2.　　The case was initially filed in state court and alleged only state law claims. Defendants removed the case to this Court, asserting that this case meets the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions under 28 U.S.C. § 1332(d). Following the removal, Defendants moved to dismiss Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6), alleging they were preempted by federal law.

　　3.　　In response to the removal, Plaintiff filed a first amended complaint to add a federal-law claim under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") (Dkt. #20). Specifically, the TILA claim alleges that Defendants' retroactive-rate increase violates

1

federal law because card holders are not given notice of the increase before its effective date, *i.e.*, because the increase is retroactive, the card holder necessarily will not learn about it until after its effective date.

4.    In response to the first amended complaint, Defendants recently filed a new motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Memorandum in Support of Motion to Dismiss the First Amended Complaint (Dkt. #24). In it, Defendants make the same preemption arguments against the state law claims that they made in their motion to dismiss the initial complaint, but they added arguments against the TILA claim. On March 31, 2008, the Court set a briefing schedule on the motion.[1]

5.    Defendants' arguments against the TILA claim are two-fold. First, Defendants argue that they gave notice of the rate increase because the card holder agreement allegedly apprises the card holder of the mere possibility that their interest rate might be increased at some point in the future. Second, Defendants argue that Plaintiff was given a specific written notice that her rate was to be increased before it was actually increased ("the Second TILA Argument").

6.    The Second TILA Argument presents a special issue because, if Defendants can prove it, it could bring Plaintiff's suitability to represent a class on the TILA claim into question by arguably defeating her claim that she did not receive notice of the increase. It also presents a special issue because it is not properly before the Court at this point. Specifically, the argument is based on facts and documents that are not mentioned in the complaint (*See* Dkt. Item #24 at pp. 5-6), and Federal Rule of Procedure 12(b)(6) generally limits Defendants' presentation to

---

[1] The briefing schedule was set in accordance with an agreement that the parties' counsel reached on March 18, 2008. This was before Plaintiff's counsel learned of the basis for seeking leave to file the attached second amended complaint. On March 28, 2008, Plaintiff's counsel contacted Defendants' counsel to discuss the matter described in this motion, to try to reach an agreement on how to proceed. On April 3, 2008, Defendants' counsel responded to Plaintiff's inquiry, stating that Defendants do not agree to this motion.

matter contained or referenced in the complaint.  *See Mulcahey v. Hydro-Line Mfg. Co.*, 707 F.Supp. 331, 332 (N.D. Ill. 1988).[2]  Defendants will have to raise this extraneous matter later in a summary judgment motion.  Thus, in addition to complicating Plaintiff's anticipated motion for class certification, the Second TILA Argument will also complicate the pending motion to dismiss, and it will necessitate additional motion practice later on the extraneous matter Defendants prematurely raised in the motion to dismiss to support it.

7.    However, Plaintiff can moot the Second TILA Argument, and spare the parties and the Court from having to address it.  Specifically, Plaintiff had a second credit card account with Defendants (the "0832" account) for which the interest rate was retroactively increased in the same manner alleged in the first amended complaint.  But unlike the credit card account referenced in the first amended complaint, for which Plaintiff was allegedly was given advance notice of the rate increase, Plaintiff was not given advance notice that the rate was going to be increased on the 0832 account.  Instead, the retroactive increase and the reason for it were announced in the monthly statement immediately following the billing period to which the increase was retroactively applied.  Accordingly, the Second TILA Argument can be eliminated

---

[2] In their motion to dismiss, Defendants claim the Court may rely on matter beyond the complaint if the Court can take judicial notice of it.  True, but it is inapplicable to the extraneous matter Defendants cite to argue that Plaintiff received prior notice of the rate increase, *i.e.*, a document describing the increase that Defendants claim they sent Plaintiff before the increase occurred (Dkt. #24 at pp. 5-6, *citing* Trevino Declaration (Dkt. #25)).  The conclusion Defendants seek to draw from this document, *i.e.*, "prior notice", is not subject to judicial notice for many reasons.  First, the document does not contain any information to suggest that it was sent to Plaintiff.  *See* Exhibit C to Trevino Declaration.  Second, there is no evidence that the document was sent to Plaintiff – the declaration filed in support of the document it only states that the document was "applicable" to Plaintiff's account.  *See* Trevino Declaration at ¶ 5.  Third, even if Defendants were to file a new declaration swearing that the document had been sent to Plaintiff before the rate increase, the declaration of a party employee would not qualify for judicial notice because it is not beyond question.  *See* Fed. R. Evid. 201(b)(2).  Plaintiff would be entitled to test the declarant's competence, veracity and accuracy with a deposition.

simply by substituting the 0832 account in for the account alleged in the first amended complaint.

8.     The proposed second amended complaint, which is attached, makes this change by swapping the 0832 account in for the account described in the first amended complaint. Plaintiff should be given leave to file this amendment because allowing Plaintiff to do so satisfies Rule 15(a)'s command that leave to amend is to be freely given when justice requires. *See* Fed. R. Civ. P. 15(a)(2).  Specifically, justice requires that Plaintiff be allowed to file the amendment because it is being made very early in the case, the amendment does not alter the fundamental claims at issue, Plaintiff should be allowed to avoid a potentially unique defense that could affect her ability to represent a class on the TILA claim before class proceedings begin, and the amendment will streamline matters by mooting an argument that the Court and the parties would otherwise have to take time to address multiple times, as explained above. Accordingly, this motion should be granted.

## Relief Requested

Plaintiff should be given leave to file the attached second amended complaint.

Respectfully submitted,

   s/Michael S. Hilicki      .
One of Plaintiff's Attorneys

Lawrence Walner
Michael S. Hilicki
Lawrence Walner & Associates, Ltd.
150 North Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel:    (312) 201-1616
Fax:    (312) 201-1538

4

Barry L. Kramer
Law Offices of Barry L. Kramer
11111 Santa Monica Blvd.
Suite 1860
Los Angeles, California 90025-3352
Tel:   (310) 235-9980
Fax:   (310) 235-9982

## CERTIFICATE OF SERVICE

      I, Michael S. Hilicki, certify that on April 4, 2008, I caused a copy of the attached **Plaintiff's Motion for Leave to File Second Amended Complaint** to be served on the persons on the service list and at the email addresses below via the Court's ECF filing system.

                                                   s/Michael S. Hilicki     .
                                                   Michael S. Hilicki

### Service List

Robert M. Dawson (c/o Brandon Fernald)
Brandon C. Fernald
Fulbright & Jaworski L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Tel:   (213) 892-9215
Fax:   (213) 892-9494
bfernald@fulbright.com

William J. McKenna
Katherine E. Licup
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60610
Tel:   (312) 832-4500
Fax:   (312) 832-4700
wmckenna@foley.com
klicup@foley.com