# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAURA M. SWANSON, *et al.*     )
                                      )
                Plaintiff,     )
          v.              )     No. 1:08-cv-00184
                                        )
BANK OF AMERICA, N.A. and FIA     )
CARD SERVICES, N.A.,     )     Judge Amy St. Eve
                                        )
               Defendants.     )

## NOTICE OF APPEAL

Plaintiff, Laura Swanson, individually and on behalf of all others similarly situated,

appeals to the United States Court of Appeals for the Seventh Circuit from the District Court's

July 15, 2008 Order and Memorandum Opinion and Order (Dkt. #s 47 and 48) in this matter, and

the District Court's August 19, 2008 Order (Dkt. #52) in this matter.


Respectfully submitted,
     s/Michael S. Hilicki    .
One of Plaintiff's Attorneys

Lawrence Walner (counsel of record)
Michael S. Hilicki
Lawrence Walner & Associates, Ltd.
150 North Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel:    (312) 201-1616
Fax:    (312) 201-1538

## CERTIFICATE OF SERVICE

       I, Michael S. Hilicki, certify that on September 4, 2008, I caused a copy of the attached **Notice of Appeal** to be served on the persons on the service list and at the email addresses below via the Court's ECF filing system.


      s/Michael S. Hilicki   .
      Michael S. Hilicki


## Service List

Robert M. Dawson (c/o Brandon Fernald)
Brandon C. Fernald
Fulbright & Jaworski L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Tel:    (213) 892-9215
Fax:    (213) 892-9494
bfernald@fulbright.com

William J. McKenna
Katherine E. Licup
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60610
Tel:    (312) 832-4500
Fax:    (312) 832-4700
wmckenna@foley.com
klicup@foley.com

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:  08cv184

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
| --- | --- | --- |
| Laura M. Swanson/Appellant | | Bank of America, N.A./Appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
| --- | --- | --- | --- |
| Name | Michael S. Hilicki | Name | Brandon C. Fernald |
| Firm | Lawrence Walner & Associates, Ltd. | Firm | Fulbright & Jaworski LLP |
| Address | 150 North Wacker Drive Suite 2150 Chicago, IL 60606 | Address | 555 South Flower Street Suite 4100 Los Angeles, CA 90071 |
| Phone | 312-201-1616 | Phone | 213-892-9200 |

| Other Information | | | |
| --- | --- | --- | --- |
| District Judge | St. Eve | Date Filed in District Court | 1/9/2008 |
| Court Reporter | J. Rickhoff   Ext. 5562 | Date of Judgment | 7/15/2008, 8/19/2008 |
| Nature of Suit Code | 890 | Date of Notice of Appeal | 9/4/2008 |

COUNSEL:        Appointed [  ]        Retained [ X ]        Pro Se [  ]

FEE STATUS:        Paid [ X ]        Due [  ]        IFP [  ]

                IFP Pending [  ]        U.S. [  ]        Waived [  ]

Has Docketing Statement been filed with the District Court Clerk's Office?        Yes [ X ]        No [  ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

        Granted [  ]        Denied [  ]        Pending [  ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshal number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).    Rev 04/01**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| LAURA M. SWANSON, *et al.* | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | No. 1:08-cv-00184 |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. and FIA | ) | Judge Amy St. Eve |
| CARD SERVICES, N.A., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**DOCKETING STATEMENT**

1.  <u>Basis for the District Court's Jurisdiction</u>.

    a.  Federal statute involved:  15 U.S.C. § 1601, *et seq.* (the Truth-in-Lending Act). Jurisdiction exists under this statute by virtue of 15 U.S.C. § 1640(e), and 28 U.S.C. § 1331.

    b.  Plaintiff also asserted two state law claims.  The District Court had supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

    c.  Plaintiff filed this case as a class action in the Circuit Court of Cook County without the federal statutory claim.  Defendants removed the case asserting federal subject matter jurisdiction over the state law claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Plaintiff and one or more members of the proposed class were citizens of Illinois, Defendant Bank of America, N.A. was a citizen of North Carolina, Defendant FIA Card Services, N.A. was a citizen of Delaware, and Defendants asserted that the amount in controversy exceeded $5,000,000, exclusive of interests and costs.

2.  <u>Basis for Appellate Jurisdiction</u>.

    a.  Statutory provision that confers jurisdiction for the appeal:  28 U.S.C. § 1291.

    b.  Date of entry of the orders to be reviewed:  July 15, 2008 (dismissing Plaintiff's claims) and August 19, 2008 (denying Plaintiff's motion to alter or amend under Fed. R. Civ. P. 59(e)).

    c.  Filing date of any motion that tolled the time for appeal:  July 29, 2008 (Plaintiff's motion to alter or amend under Fed. R. Civ. P. 59(e).

d.     Disposition of motion tolling the time for appeal and date of entry:  Denied, and entered on August 19, 2008.

e.     Filing date of the notice of appeal:  September 4, 2008.

f.     The case is not a direct appeal from the decision of a magistrate judge.

3.    <u>Other Information Concerning Appealability</u>.

a.     This appeal is from a final order that adjudicates all claims of all parties.  The district court dismissed the federal statutory claim under the Truth-in-Lending Act with prejudice.  The district court dismissed the state law claims without prejudice, but the grounds for their dismissal leave no basis for re-pleading those claims in the district court.

Respectfully submitted,
      s/Michael S. Hilicki    .
One of the Attorneys for
Plaintiff-Appellant

Lawrence Walner (counsel of record)
Michael S. Hilicki
Lawrence Walner & Associates, Ltd.
150 North Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel:    (312) 201-1616
Fax:   (312) 201-1538

**CERTIFICATE OF SERVICE**

  I, Michael S. Hilicki, certify that on September 4, 2008, I caused a copy of the attached **Docketing Statement** to be served on the persons on the service list and at the email addresses below via the Court's ECF filing system.


           s/Michael S. Hilicki  .
          Michael S. Hilicki


**Service List**

Robert M. Dawson (c/o Brandon Fernald)
Brandon C. Fernald
Fulbright & Jaworski L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Tel: (213) 892-9215
Fax: (213) 892-9494
bfernald@fulbright.com

William J. McKenna
Katherine E. Licup
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60610
Tel: (312) 832-4500
Fax: (312) 832-4700
wmckenna@foley.com
klicup@foley.com

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Laura M. Swanson

                                   Plaintiff,

v.                                                      Case No.: 1:08–cv–00184
                                                        Honorable Amy J. St. Eve

Bank of America, N.A., et al.

                                   Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 15, 2008:

     MINUTE entry before the Honorable Amy J. St. Eve: The Court grants Defendants' motion to dismiss [38], and dismisses Count I with prejudice and dismisses Counts II and III without prejudice. All pending dates and deadlines are stricken. Civil case terminated. Mailed notice(kef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA M. SWANSON, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 00184 |
| | ) | |
| BANK OF AMERICA, N.A. and FIA | ) | |
| CARD SERVICES, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

AMY J. ST. EVE, District Court Judge:

Plaintiff Laura Swanson filed a Second Amended Complaint, on behalf of herself and all other similarly situated residents of the State of Illinois, alleging that Defendants Bank of America, N.A.'s ("the Bank") and FIA Card Services, N.A.'s ("FIA") retroactive application of interest rate increases violated the Truth in Lending Act ("TILA"), the Illinois Consumer Fraud & Deceptive Business Practices Act ("ICFA"), and unjustly enriched Defendants.  Before the Court is Defendants' motion to dismiss Plaintiff Swanson's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

**I.      Relevant Facts**

Plaintiff opened a credit card account with the Bank.[1]  In connection with this account, Plaintiff received term agreements which indicated that Plaintiff had a $5,000 credit limit

---

[1]The Bank and FIA are corporate affiliates.  (R. 34-1, at ¶ 4.)

available on the account.   (R. 41-6, at p. 2.)  The agreements also noted that if Plaintiff twice

exceeded the credit limit during a 12-month billing cycle, the Bank could increase the interest

rate on the account.  *Id.*  Defendants' revised credit card term agreements state that each interest

rate increase "will be effective as of the first date of the billing cycle in which the Default Rate is

applied." (R. 41-6, at p. 2.)  Plaintiff exceeded the credit limit in August 2007 and again in

November 2007.  (R. 41-7, at p. 2, 9.)  As a result, Defendants increased the interest rate of

Plaintiff's account from 18.24 percent to 32.24 percent, and applied the higher rate to the

beginning of the November billing cycle that had just ended.  (R. 34-1, at ¶¶ 12-13.)  Due to the

increase, Defendants added approximately sixty dollars in interest charges to Plaintiff's

November bill.  (*Id.* at  ¶ 15.)

   In her SAC, Plaintiff Swanson makes three claims against Defendants.  She first alleges

that Defendants violated TILA, specifically 15 U.S.C. § 1601(a), by failing to provide her with

written notice of the specific rate increase before the increase became effective.  (R. 34-1, at ¶

25.)  Second, Swanson alleges that Defendants were unjustly enriched by the retroactive rate

increase, which Plaintiff Swanson argues was an illegal penalty.  (*Id.* at ¶ 29.)  Third, she alleges

that Defendants violated the ICFA, specifically 815 ILCS 505/1, *et seq.*, by engaging in unfair

and deceptive practices.  (*Id.* at ¶ 35.)  Defendants have moved to dismiss the SAC, arguing that

Plaintiff has failed to state a claim upon which relief may be granted, and that the state law

claims are preempted by federal law.

## ANALYSIS

## I.    Legal Standard on a Rule 12(b)(6) Motion

   "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint."  *Christensen*

*v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quotation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic*, 127 S.Ct. at 1974; *see also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

## II.    Exhibits

Defendants have asked the Court to consider various exhibits in connection with their motion. In a typical 12(b)(6) motion, the Court does not consider documents extrinsic to the complaint. *See* Fed. R. Civ. P. 12(d); *ABM Amro, Inc. v. Capital Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *3 (N.D. Ill. 2007) (Filip, J.). The Seventh Circuit teaches, however, that a district court may consider extrinsic exhibits if the documents are both referred to in the complaint and are also central to the plaintiff's claims. *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002); *see also Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *ABM Amro*, 2007 WL 845046, at *4. Of course, to be considered at the

3

12(b)(6) stage, the documents must also be indisputably authentic. *See Tierney*, 304 F.3d at 738; *see also ABN Amro*, 2007 WL 845046, at *5. Defendants have asked the Court to consider three types of documents in connection with their motion.

First, Defendants have asked the Court to consider statements reflecting Plaintiff's account balances. (R. 41-4; R. 41-7.) These statements are referenced in the SAC, and the facts contained within these statements, particularly the change in interest rates and the number of defaults, are important to Plaintiff's claims. (R. 34-1, at ¶ 11.) Moreover, the authenticity of these documents is not questioned. (R. 34-1, at ¶ 11.) As such, the Court will consider the account statements.

Defendants next ask the Court to consider a credit card term agreement entered into by Plaintiff and the Bank. (R. 41-2; R. 41-3.) Although the SAC is silent as to Swanson's receipt of the agreement, the Court may consider extrinsic documents in a 12(b)(6) motion where the documents are implicitly referenced within the complaint. *Tierney*, 304 F.3d at 738-39; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (considering stock purchase agreement in a fraud case); *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 639 n.4 (N.D. Ill. 2002) (Castillo, J.) (considering truck rental agreement). Here, Plaintiff Swanson's receipt of the agreement is fundamental to – and as discussed below, fatally undermines – Plaintiff's allegation that Defendants failed to provide advance notice of the complained of interest rate increase. (R. 34-1, at ¶¶ 9, 25, 36.) Moreover, Plaintiff tacitly admits that she received the agreement, thus the Court accepts its authenticity. (R. 45-1; Pl.'s Resp. to Def.'s Mot. for Dismissal, at p. 4.) The Court will consider the agreement.

4

Defendants have also asked the Court to consider a supplemental agreement reiterating many of the same terms as the initial agreement.  (R. 41-5; R. 41-6.)  Although the supplemental agreement is not explicitly referenced in the SAC, receipt of the documents is implicitly acknowledged.  (R. 45-1; Pl.'s Resp. to Def.'s Mot. for Dismissal 4-5.)  These documents too are central to Plaintiff's claims regarding notice of the interest rate increase, and Plaintiff does not question the authenticity of the revised agreement.  The Court will consider the supplemental credit card term agreement.

## III.    Plaintiff's Truth In Lending Act ("TILA") Claim

### A.    Subject Matter Jurisdiction

Although Plaintiff's SAC seeks to invoke only the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), the Court has federal question jurisdiction over Plaintiff's federal TILA claim.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see, e.g.*, *Cunningham v. Nationscredit Fin. Servs. Corp.*, 497 F.3d 714, 717 (7th Cir. 2007); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) ("It is clear that the federal truth-in-lending claim falls within the federal-question jurisdiction of the court.").

### B.    TILA Requirements

TILA was designed to, among other things, protect consumers in credit transactions by requiring strict disclosures from lenders.  15 U.S.C. § 1601(a), *et seq*; *Household Credit Servs. v. Pfennig*, 541 U.S. 232, 236 (2004); *see also Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528 (7th Cir. 2007).  In analyzing Plaintiff's TILA claim, the Court looks to the language of the statute, the implementing regulation, and the relevant Board Staff Commentary.  *See Hamm*, 506

F.3d at 528.  Congress has expressly delegated to the Federal Reserve Board (the "Board") the

authority to prescribe regulations – including "Regulation Z," 12 C.F.R. § 226.1, *et seq*. – to

effectuate the purposes of TILA.  *Pfennig*, 541 U.S. at 238.  The Court must "pay particular

heed" to the Board's Official Commentary when interpreting TILA, and "[u]nless demonstrably

irrational, [the Board's] staff opinions construing the Act or Regulation should be dispositive."

*Hamm*, 506 F.3d at 528 (citing *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980)).

TILA and Regulation Z govern open-end credit plans, like Plaintiff Swanson's credit

card account.  *See Pfennig,* 541 U.S. at 235; *Benion v. Bank One*, 144 F.3d 1056, 1057-58 (7th

Cir. 1998) (Posner, J.).  Under TILA, a creditor must provide the consumer with an "initial

disclosure" which, among other things, discloses the circumstances under which the creditor may

increase the consumer's interest rates.  12 C.F.R. § 226.6(a)(2) n.12.  Plaintiff does not argue

that Defendants failed to comply with Section 226.6(a).

In addition to initial disclosure requirements, TILA also requires creditors to notify

consumers of subsequent changes to the initially disclosed terms.  *See* 12 C.F.R. § 226.9(c)(1)

("Whenever any term required to be disclosed under § 226.6 is changed or the required

minimum periodic payment is increased, the creditor shall mail or deliver written notice of the

change to each consumer who may be affected.").  The Official Commentary, however, explains

that a creditor is not required to make a subsequent disclosure if the "specific change" is set forth

in the initial disclosure.  12 C.F.R pt. 226, Supp. 1, § 226.9(c), cmt. 1.  Specifically, Comment 1

states that:

> No notice of a change in terms need be given if the specific change is set forth initially,
> such as Rate increases under a properly disclosed variable-rate plan, a rate increase that
> occurs when an employee has been under a preferential rate agreement and terminates
> employment, or an increase that occurs when the consumer has been under an agreement

6

to maintain a certain balance in a savings account in order to keep a particular rate and the account balance falls below the specified minimum.  In contrast, notice must be given if the contract allows the creditor to increase the rate at its discretion but does not include specific terms for an increase (for example, when an increase may occur under the creditor's contract reservation right to increase the periodic rate)…

*Id.*

The resolution of Plaintiff's TILA claim hinges on whether the first or second sentence of Comment 1 applies to Defendants' actions.  Defendants argue that their initial disclosures (in the credit card agreements) set forth the "specific change" of which Plaintiff complains, and therefore they did not need to provide subsequent notice pursuant to the first sentence of Comment 1.  Plaintiff, on the other hand, argues that Defendants' practice of increasing interest rates upon a consumer's delinquency falls under the second sentence of Comment 1 both because it fails to satisfy the "specific change" requirement and because Defendants maintained discretion to increase the rate.

### C.    Specific Change

To determine whether Defendants' initial disclosures set forth a "specific change" in terms, the Court first looks to the agreements themselves.  In addition to listing the specific act which triggers the interest rate increase, namely twice exceeding the credit limit, the agreements set forth the method Defendants used to calculate the default interest rate, as well as maximum default interest rate.  (R. 41-3.)  Moreover, the term agreements specify the time at which the interest rate change will become effective upon default – the first day of the billing cycle.  (R. 41-6.)  Together, these terms disclose a "specific change" under the first sentence of 12 C.F.R. pt. 226, Supp. I, § 226.9(c), cmt. 1.  Given the specificity of the terms of the rate increase in the agreements, Defendants' practice does not constitute a "change of terms" under 12 C.F.R.

226.9(c)(1).  *See Williams v. Washington Mutual Bank*, 2008 WL 115097, at *3 (E.D. Cal.

2008); *Augustine v. FIA Card Services*, 485 F. Supp. 2d 1172, 1174-75 (E.D. Cal. 2007); *Evans*

*v. Chase Manhattan Bank USA*, 2006 WL 213740, at *2-3 (N.D. Cal. 2006); *Penner v. Chase*

*Bank USA*, 2006 WL 2192435, at *2-3 (W.D. Wash. 2006).

The Board's comments support that a rate increase such as the one at issue here could

constitute a "specific change."  In proposing language to amend the current law in June 2007, the

Board explained the current state of the law:

> Advance notice is not required in all cases.  For example, if an interest rate or other
> finance charge increases due to a consumer's default or delinquency, notice is required,
> but need not be given in advance.  See current § 226.9(c)(1); comment 9(c)(1)-3.
> ***Furthermore, no change-in-terms notice is required if the specific change is set forth***
> ***initially by the creditor in the account-opening disclosures.  See current comment***
> ***9(c)-1.  For example, some account agreements permit the card issuer to increase the***
> ***periodic rate if the consumer makes a late payment.  Because the circumstances of the***
> ***increase are specified in advance in the account agreement, the creditor currently need***
> ***not provide a change-in-terms notice***; under current § 226.7(d) the new rate will appear
> on the periodic statement for the cycle in which the increase occurs.

72 Fed. Reg. 33009 (June 14, 2007) (emphasis added).  The Board's late payment example is

directly analogous to the Plaintiff's default.  As a Board staff opinion of TILA, this interpretation

is dispositive unless "demonstrably irrational."  *Milhollin*, 444 U.S. at 565; *Hamm*, 506 F.3d at

528.

## D.    Defendants' Discretion

In the face of this authority, Plaintiff argues that the notice given by Defendants does not

satisfy TILA requirements because Defendants retained discretion to decide whether to increase

the interest rate in the event Plaintiff defaulted.  (R. 45-1; Pl.'s Resp. to Def.'s Mot. for

Dismissal 4.)  This argument fails.  Relying on language in the credit card agreement stating that

Defendants "may increase" Plaintiff's rate in the event Plaintiff fails to follow the terms of the

8

agreement, Plaintiff argues that Defendants' conduct is of the discretionary type governed by the second sentence of Comment 1.  The Official Commentary, however, explains that subsequent notice is required only where a creditor has discretion to *increase* a consumer's interest rate.  12 C.F.R pt. 226, Supp. 1, § 226.9(c), cmt. 1. ("notice must be given if the contract allows the creditor to increase the rate at its discretion").  Thus, while it is true that Defendants maintain discretion to ***not increase*** a consumer's interest rate once the specific change occurs, Defendants' ability to increase the rate is tied to triggering events solely within the consumer's control.  *See, e.g.*, *Williams*, 2008 WL 115097, at *3; *Penner*, 2006 WL 2192435, at *2; *see also McCoy v. Chase Manhattan Bank USA*, 06-107 JVS, 2006 U.S. Dist. LEXIS 97257, at *10 n.4 (C.D. Cal. Aug. 10, 2006).

###     E.      Comment 3

Plaintiff also argues that Comment 3 to Section 226.9(c)(1) supports her position that Defendants' practice violates TILA's disclosure requirements.  Comment 3 dispenses with a creditor's general obligation to provide fifteen days advance notice of a change in terms in the event that "there is an increased periodic rate or any other finance charge attributable to the consumer's delinquency or default."  *See* 12 C.F.R pt. 226, Supp. 1, § 226.9(c)(1), cmt. 3.  In place of the fifteen day advance notice requirement, Comment 3 clarifies that a creditor may deliver notice "as late as the effective date of the change."  *Id.*  Plaintiff argues that Comment 3 requires a consumer to provide notice of *all* interest rate increases attributable to a consumer's delinquency of default, prior to the effective date of this change.  The Comment, however, does not go so far.  Comment 3 applies only to the timing of a notice of "change of terms."  As

discussed above, Defendants' practice at issue here does not involve a "change of terms" as

contemplated by Section 226.9(c)(1).

Based on the language of the regulations, the Official Commentary, and the Federal

Reserve Board's comments about the current state of the law, as well as the reasoning of the

other district court cases deciding this exact issue, Defendants did not violate TILA by notifying

Plaintiff of default rate increases only in their initial disclosures.  *See Williams*, 2008 WL

115097, at *3; *Augustine*, 485 F. Supp. 2d 1172, 1174-75; *Evans*, 2006 WL 213740, at *2-3;

*Penner*, 2006 WL 2192435, at *2-3.  As such, the Court grants Defendants' motion to dismiss

the TILA claim with prejudice.

## III.    State Law Claims

In Counts II and III of the SAC, Plaintiff alleges that Defendants' practice of

retroactively increasing the interest rates violates state law.

### A.    Subject Matter Jurisdiction

Before turning to the substance of Defendants' motion, the Court must first determine

whether it has subject matter jurisdiction over Plaintiff's remaining state law claims.  While

Plaintiff and Defendants (in their removal papers) have asserted diversity jurisdiction under 28

U.S.C. § 1332(d), they have not properly alleged facts to support diversity jurisdiction.  "It is

axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject

matter of an action before it can proceed to take any action respecting the merits of the action."

*Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (quoting *Steel C. v. Citizens for a Better

Environment*, 523 U.S. 83, 94 (1998)).  This requirement is 'inflexible and without exception."

*Id.*  Here, Defendants' notice of removal (and the SAC) alleges that Plaintiff (and the putative

10

class members) "reside" in Illinois.  (R. 1-1, at ¶16-17; R. 34-1, at ¶ 4.)  Allegations of residence

are insufficient to establish diversity jurisdiction, and it is well settled that the Court must

dismiss suits in which the complaint alleges residence, but not citizenship.  *See Held v. Held*, 137

F.3d 998, 1000 (7th Cir. 1998); *see also Adams v. Catrambone,* 359 F.3d 858, 861 n.3 (7th Cir.

2004).  Because the parties allege only Plaintiff's residence and not her citizenship, the Court is

not convinced that diversity jurisdiction exists.

As an additional ground for jurisdiction, Defendants have raised in the removal papers –

but not adequately briefed – the argument that federal question jurisdiction exists because

Defendants contend that the state law claims are preempted by federal law.  (R. 1-1, at ¶¶ 32-34.)

Without a more developed argument, the Court cannot rely on this purported basis for

jurisdiction.  Nonetheless, the Court has discretion to retain jurisdiction over the supplemental

state law claims because they are closely related to Plaintiff's TILA claim, over which the Court

has original jurisdiction under 28 U.S.C. § 1331.  *See* 28 U.S.C. 1367(a).  This is true even

though the Court dismissed the TILA claim.  *See* 28 U.S.C. § 1367(c)(3); *Dargis v. Sheahan*,

526 F.3d 981, 990 (7th Cir. 2008).   In the interest of judicial economy, the Court exercises its

discretion to retain jurisdiction over the state law claims for the disposition of Defendants'

motion.  *See Sheahan*, 526 F.3d 981 at 990 (citing *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th

Cir. 2007)).

**B.    Count III – The Illinois Consumer Fraud Act**

Plaintiff argues in Count III of the SAC that Defendants violated the ICFA by imposing

retroactive rate increases without advance notice.  (R. 34-1, at ¶¶ 33-38.)  For the first time in

their Reply Brief, Defendants squarely argue that compliance with TILA establishes compliance

11

with the ICFA.  (R. 46-1, at p. 12-13.)  Although arguments raised for the first time in a reply

brief generally are waived, *Nelson v. La Crosse County Dist. Atty.*, 301 F.3d 820, 836 (7th Cir.

2002), the Court will nonetheless address this issue *sua sponte* in the interests of efficiency

because it is clear from the pleadings that Plaintiff's ICFA claim fails.  *See Dawson v. Newman*,

419 F.3d 656, 660 (7th Cir. 2005) (noting that a district court may dismiss a frivolous claim *sua*

*sponte*); *see also McCready v. eBay, Inc*., 453 F.3d 882, 890 (7th Cir. 2006) (affirming district

court's *sua sponte* dismissal for failure to state a claim).

    The ICFA does not apply "to Actions or transactions specifically authorized by laws

administered by any regulatory body or officer acting under statutory authority of this State or

the United States," or to "conduct in compliance with the orders or rules of or a statute

administered by a Federal, state or local governmental agency."  815 ILCS 510/4(1); 815 ILCS

505/10b(1); *see Allen v. Aronson Furniture Co.*, 971 F. Supp. 1259, 1261-62 (N.D. Ill. 1997)

(citing *Lanier v. Assoc. Fin., Inc.*, 499 N.E.2d 440, 447 (1986)).  As such, compliance with TILA

is a defense under the ICFA.  *Hoffman v. Grossinger Motor Corp.*, 218 F.3d 680, 684 (7th Cir.

2000) ("[C]ompliance with the disclosure requirements in the federal Truth in Lending Act is a

defense under the Illinois act."); *Lanier*, 499 N.E.2d at 447 (same); *see also Najieb v. William*

*Chrysler-Plymouth*, No. 01 C 8295, 2002 WL 31906466, at *8 (N.D. Ill. Dec. 31, 2002) (Aspen,

J.) (same).  As discussed above, Defendants' practices comply with TILA, therefore Plaintiff

cannot state a claim under the ICFA.  *See, e.g.*, *Janikowski v. Lynch Ford, Inc.*, 210 F.3d 765,

769 (7th Cir. 2000) (affirming dismissal of ICFA claim were defendant complied with TILA).

The Court dismisses Plaintiff's ICFA claim without prejudice, thereby putting Plaintiff on notice

that the Court deems this claim legally flawed.  *Pourghoraishi v. Flying J, Inc*., 449 F.3d 751,

765 (7th Cir. 2006) (a district court cannot *sua sponte* dismiss a complaint "without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or to respond").

### C.     Illegal Penalties and Unjust Enrichment Claim(s)

In Count II, Plaintiff purports to bring a cause of action for "collection of illegal penalties" and for "unjust enrichment."  (R. 34-1, at ¶¶ 27-32.)  Despite the heading "unjust enrichment" (R. 34-1, at ¶ 26), Count II of the SAC appears to allege that Defendants' practice of retroactively increasing rates violates a Delaware banking law requirement that interest rates on credit cards must be changed "in accordance with a schedule or formula."  5 Del. Code § 944. It is unclear from the SAC whether Plaintiff attempts to bring a claim for unjust enrichment under Illinois (or perhaps Delaware) law,[2] an illegal penalties claim under 5 Del. Code § 944, or perhaps some combination of the three.

To the extent Plaintiff seeks to bring an "illegal penalties" claim under Delaware law, that claim fails.  As a starting point, the supplemental credit card agreement contains a choice of law provision maintaining that it "is governed by the laws of the State of Delaware."  (R. 41-5.) Plaintiff alleges that Defendants' "retroactive rate increase violates Delaware banking law, 5 Del. Code § 944, because it is not made pursuant to a schedule or formula stated in the credit card agreement."  Defendants point out, however, that Section 944 of the Delaware code

---

[2] Plaintiff failed to address the choice of law issue with regard to the unjust enrichment claim.  Defendants, for their part, have asserted that Plaintiff brought an unjust enrichment claim under Illinois common law.  (R. 1-1, at ¶ 2; R. 40-1, at p. 9)  Although the Court does not definitively resolve the issue, it is clear that in applying Illinois choice of law rules, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Zapata Hermanos Sucesores v. Hearthside Baking Co.*, 313 F.3d 385, 390 (7th Cir. 2002), either Illinois or Delaware substantive law governs.  For the purposes of this motion, the Court will analyze both Illinois and Delaware law concerning unjust enrichment.

specifically authorizes Defendants' conduct, and thus forecloses this avenue to Plaintiff.  (R. 40-1, at p. 16 n.7.)  Section 944 states:

> If the agreement governing the revolving credit plan so provides, the periodic percentage rate or rates of interest under such plan may vary in accordance with a schedule or formula. . . Without limitation, ***a permissible schedule*** or formula hereunder ***may include*** provision in the agreement governing the plan for a change in the periodic percentage rate . . . ***contingent upon the happening of any event or circumstances specified in the plan, which event or circumstance may include the failure of the borrower to perform in accordance with the terms of the plan***.

Del. Code § 944 (emphasis added).  Here, Defendants applied the interest rate increase in accordance with the agreements, which permitted an interest rate increase in the event Plaintiff failed to comply with the terms of the plan (by twice exceeding her credit limit).  By describing the events which cause the rate increase to occur, Defendant has complied with Section 944. *See, e.g.*, *Evans*, 2006 WL 213740, at *3.  Plaintiff has failed to state a claim under Delaware banking law.

A state law claim for unjust enrichment also fails.  *See Dawson*, 419 F.3d at 660; *see also McCready*, 453 F.3d at 890.  Under both Delaware and Illinois law, a cause of action for unjust enrichment is unavailable where, as here, the parties have entered into a contract which governs the dispute.  *See Prima Tek II, L.L.C. v. Klerk's Plastic Indus*., 525 F.3d 533, 541 (7th Cir. 2008) (applying Illinois law); *La Throp v. Bell Fed. Sav. & Loan Assoc*., 68 Ill. 2d 375, 391, 370 N.E.2d 188, 12 Ill. Dec. 565 (1977); *Nepa v. Marta*, 415 A.2d 470, 472 (Del. 1980) ("A quantum meruit recovery is an award where recovery under contract is not available."); *see also Reserves Dev. LLC v. Severn Sav. Bank,* No. 2502-VCP, 2007 WL 4054231, at *9-12 (Del. Ch. Nov. 9, 2007) ("If there is a contract between the complaining party and the party alleged to have been enriched unjustly that governs the matter in dispute, then the contract remains the measure of

14

[the] plaintiff's right.") (internal quotations and footnote omitted).  Moreover, as the moniker

implies, a plaintiff may maintain an unjust enrichment claim only where a defendant's retention

of a benefit would in some way be "unjust."  *See Fleer Corp. v. Topps Chewing Gum*, 539 A.2d

1060, 1062 (Del. 1988) ("Unjust enrichment is defined as the unjust retention of a benefit to the

loss of another, or the retention of money or property of another against the fundamental

principles of justice or equity and good conscience") (internal quotations omitted); *Oshana v.

Coca-Cola Co.*, 472 F.3d 506, 515 (7th Cir. 2006) (Illinois law of unjust enrichment requires a

plaintiff to show that defendant's "retention of the profits would violate the fundamental

principles of justice, equity, and good conscience.") (citing *HPI Healthcare Servs., Inc. v. Mt.

Vernon Hosp., Inc.*, 131 Ill. 2d 145, 545 N.E.2d 672, 679, 137 Ill. Dec. 19 (1989)).   Here, both

TILA and Delaware law expressly permit Defendants' actions, and there is simply nothing

"unjust" about Defendant retaining benefits expressly permitted by federal and state law.

Accordingly, to the extent Plaintiff intended to bring one, the Court dismisses the "unjust

enrichment" claim without prejudice, thus putting Plaintiff on notice that the Court deems this

Count legally insufficient.  *Pourghoraishi*, 449 F.3d at 765.

### V.    Preemption

Because Plaintiff's state law claims fail to state a cause of action, the Court does not

reach the issue of whether those claims are preempted by federal law.

15

## CONCLUSION

For the foregoing reasons, the Court dismisses Counts I with prejudice and dismisses

Counts II and III without prejudice.


**Dated: July 15, 2008**                                    ENTERED

                                                            _____
                                                            AMY J. ST. EVE
                                                            United States District Court Judge

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 184 | **DATE** | 8/19/2008 |
| **CASE TITLE** | Swanson vs. Bank of America, N.A. et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for reconsideration [49].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

      Plaintiff Laura Swanson has moved for reconsideration of the Court's dismissal of her claims against Defendants Bank of America, N.A. and FIA Card Services, N.A. (R. 48-1, July 15, 2008 Mem. Op. and Order.) "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (citations omitted). In her motion for reconsideration, Plaintiff argues that the Court's Opinion dismissing her claims contained "several manifest errors." After considering each of Plaintiff's arguments, the Court disagrees. First, Plaintiff's arguments related to her TILA claim simply rehash and reshape arguments previously addressed by the Court. *Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Second, to the extent the Court's prior opinion contained a factual error – in stating that Defendant increased the default rate in November as opposed to December – that purported fact is irrelevant because, as the Court has previously held, subsequent notice is only required where a creditor has the discretion to *increase* a consumer's interest rate. Third, in dismissing Plaintiff's state law claims *without prejudice*, the Court permitted Plaintiff an opportunity to cure her defective unjust enrichment and Consumer Fraud Act claims. Accordingly, the Court denies Plaintiff's motion for reconsideration.

| | |
|---|---|
| Courtroom Deputy Initials: | KF |

APPEAL, COX, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.2 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00184
## Internal Use Only

Swanson v. Bank of America, N.A. et al
Assigned to: Honorable Amy J. St. Eve
Case in other court: Circuit Court of Cook County,
                     07-CH-32248
Cause: 28:1441 Petition for Removal

Date Filed: 01/09/2008
Date Terminated: 07/15/2008
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Laura M. Swanson**
*an individual, on behalf of herself and all others similarly situated*

represented by **Barry L. Kramer**
Law Offices of Barry L. Kramer
11111 Santa Monica Blvd.,
Suite 1860
Los Angeles , CA 90025-3352
310 235 9980
Email: kramerlaw@aol.com
*ATTORNEY TO BE NOTICED*

**Lawrence Walner**
Lawrence Walner & Associates, Ltd.
150 North Wacker Drive
Suite 2150
Chicago , IL 60606
(312) 201-1616
Email: walner@walnerclassaction.com
*ATTORNEY TO BE NOTICED*

**Michael S. Hilicki**
Lawrence Walner & Associates, Ltd.
150 N. Wacker Drive
Suite 2150
Chicago , IL 60606
(312) 201-1616
Email: mhilicki@walnerclassaction.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bank of America, N.A.**      represented by **Brandon C. Fernald**
Fulbright & Jaworski LLP
555 S. Flower Street
Suite 4100
Los Angeles , CA 90071
Email: bfernald@fulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine E. Licup**
Foley & Lardner
321 North Clark Street
Suite 2800
Chicago , IL 60610
(312)832-5161
Fax: (312)832-4700
Email: klicup@foley.com
*ATTORNEY TO BE NOTICED*

**Robert M. Dawson**
Fulbright & Jaworski LLP
555 S. Flower Street
Suite 4100
Los Angeles , CA 90071
213 892 9200
*ATTORNEY TO BE NOTICED*

**William J. McKenna , Jr.**
Foley & Lardner
321 North Clark Street
Suite 2800
Chicago , IL 60610
(312)832-4500
Email: wmckenna@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**FIA Card Services, N.A.**      represented by **Brandon C. Fernald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine E. Licup**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M. Dawson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William J. McKenna , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/09/2008 | 1 | NOTICE of Removal from Circuit Court of Cook County with complaint and summons, case number (07-CH-32248) filed by Bank of America, N.A., FIA Card Services, N.A. Filing fee $ 350. (Attachments: # 1 Exhibit A; # 2 Exhibit B). (gmr, ) (Entered: 01/10/2008) |
| 01/09/2008 | 2 | CIVIL Cover Sheet. (gmr, ) (Entered: 01/10/2008) |
| 01/09/2008 | 3 | ATTORNEY Appearance for Defendants Bank of America, N.A., FIA Card Services, N.A. by Katherine E. Licup. (gmr, ) (Entered: 01/10/2008) |
| 01/09/2008 | 4 | (Court only) RECEIPT regarding payment of filing fee paid on 1/9/2008 in the amount of $350.00, receipt number 2448735. (gmr, ) (Entered: 01/10/2008) |
| 01/10/2008 | | MAILED Notice of Removal letter to Plaintiff's counsel. (gmr, ) (Entered: 01/10/2008) |
| 01/10/2008 | 5 | ATTORNEY Appearance for Defendants Bank of America, N.A., FIA Card Services, N.A. by William J. McKenna, Jr *Appearance of William J. McKenna for Defendants Bank of America, N.a., and FIA Card Services, N.A.* (McKenna, William) (Entered: 01/10/2008) |
| 01/10/2008 | 6 | MINUTE entry before Judge Amy J. St. Eve :Joint Status Report due by 1/23/2008. Initial Status hearing set for 1/30/2008 at 08:45 AM. in courtroom 1241.Mailed notice (tmh, ) (Entered: 01/10/2008) |
| 01/10/2008 | 7 | NOTICE by Bank of America, N.A., FIA Card Services, N.A. re notice of removal 1 *Filed in State Court* (Licup, Katherine) (Entered: 01/10/2008) |
| 01/11/2008 | 8 | Appearance of Michael S. Hilicki by Laura M. Swanson (Hilicki, Michael) (Entered: 01/11/2008) |
| 01/14/2008 | 9 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. for extension of time to file answer *or other responsive pleading* (Licup, Katherine) (Entered: 01/14/2008) |
| 01/14/2008 | 10 | NOTICE of Motion by Katherine E. Licup for presentment of motion for extension of time to file answer 9 before Honorable Amy J. St. Eve on 1/16/2008 at 08:30 AM. (Licup, Katherine) (Entered: 01/14/2008) |
| 01/15/2008 | 11 | MINUTE entry before Judge Amy J. St. Eve :MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. for extension of time to file answer or other responsive pleading 9 is granted. Defendants to answer or otherwise plead by 1/30/2008. Joint Status Report due by 1/31/2008. Status hearing set for 1/30/2008 is stricken and reset to 2/6/2008 at 08:45 AM.Mailed notice (tmh, ) (Entered: 01/15/2008) |
| 01/28/2008 | 12 | ATTORNEY Appearance for Defendants Bank of America, N.A., FIA Card Services, N.A. by Brandon C. Fernald (Fernald, Brandon) (Entered: 01/28/2008) |
| 01/28/2008 | 13 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Bank of America, N.A., FIA Card Services, N.A. by Robert M. Dawson; Order entered granting leave by |

| | | |
|---|---|---|
| | | Judge Amy J. St. Eve. Filing fee $50 paid, receipt number 1116435 (cdy, ) (Entered: 01/30/2008) |
| 01/30/2008 | 14 | NOTICE of Motion by Brandon C. Fernald for presentment of before Honorable Amy J. St. Eve on 2/6/2008 at 08:45 AM. (Fernald, Brandon) (Entered: 01/30/2008) |
| 01/30/2008 | 15 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. to dismiss *Complaint with prejudice pursuant to FRCP 12(b)(6)* (Fernald, Brandon) (Entered: 01/30/2008) |
| 01/30/2008 | 16 | MEMORANDUM by Bank of America, N.A., FIA Card Services, N.A. in support of motion to dismiss 15 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I)(Fernald, Brandon) (Entered: 01/30/2008) |
| 01/31/2008 | 17 | REPORT of Rule 26(f) Planning Meeting by Laura M. Swanson (Hilicki, Michael) (Entered: 01/31/2008) |
| 02/01/2008 | 18 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Laura M. Swanson by Barry L. Kramer; Order entered granting leave by Judge Amy J. St. Eve. Filing fee $ 50.00 paid, receipt number 10726898. (lcw, ) (Entered: 02/05/2008) |
| 02/06/2008 | 19 | MINUTE entry before Judge Amy J. St. Eve :MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. to dismiss Complaint with prejudice pursuant to FRCP 12(b)(6) 15 is entered. Response due 3/5/2008. Reply due 3/19/2008. Status hearing held on 2/6/2008. Rule 26(a)(1) disclosures due 2/12/2008. Written discovery to be issued by 2/29/2008.Status hearing set for 4/17/2008 at 08:30 AM.Mailed notice (tmh, ) (Entered: 02/06/2008) |
| 02/06/2008 | | MAILED Copy of Minute order dated 2/5/08 to Trust Fund Account Officer at Metropolitan Correctional Center (vmj, ) (Entered: 02/06/2008) |
| 02/25/2008 | 20 | *First* AMENDED complaint by Laura M. Swanson against all defendants (Hilicki, Michael) (Entered: 02/25/2008) |
| 03/06/2008 | 21 | MINUTE entry before Judge Amy J. St. Eve :Motion to dismiss 15 is denied as moot in light of the filing of an amended complaint on 2/25/08. Defendants must answer or otherwise plead to the first amended complaint on or before March 17, 2008.Mailed notice (tmh, ) (Entered: 03/06/2008) |
| 03/17/2008 | 22 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. to dismiss *the First Amended Complaint* (Fernald, Brandon) (Entered: 03/17/2008) |
| 03/17/2008 | 23 | NOTICE of Motion by Brandon C. Fernald for presentment of motion to dismiss 22 before Honorable Amy J. St. Eve on 3/24/2008 at 08:30 AM. (Fernald, Brandon) (Entered: 03/17/2008) |
| 03/17/2008 | 24 | MEMORANDUM by Bank of America, N.A., FIA Card Services, N.A. in support of motion to dismiss 22 (Fernald, Brandon) (Entered: 03/17/2008) |
| 03/17/2008 | 25 | DECLARATION of Mary Lee Trevino regarding motion to dismiss 22 by Bank of America, N.A., FIA Card Services, N.A. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Fernald, Brandon) (Entered: 03/17/2008) |
| 03/19/2008 | 26 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. Re Replacement of Unredacted Exhibits On E-Filing Public Docket (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit B)(Fernald, Brandon) (Entered: 03/19/2008) |
| 03/20/2008 | 27 | MINUTE entry before Judge Honorable Amy J. St. Eve:MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. Re Replacement of Unredacted Exhibits On E-Filing Public Docket 26 is granted. The Clerk is directed to remove Exhibits A and B to the Declaration of Mary Lee Trevino located at document numbers 25-2 and 25-3 on the public e filing docket and replace them with redacted versions of these exhibits attached to this motion 26 .mailed notice (tmh, ) (Entered: 03/20/2008) |
| 03/24/2008 | 28 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. to set a briefing schedule *Agreed* (Licup, Katherine) (Entered: 03/24/2008) |
| 03/24/2008 | 29 | NOTICE of Motion by Katherine E. Licup for presentment of motion by filer to set a briefing schedule 28 before Honorable Amy J. St. Eve on 4/2/2008 at 08:30 AM. (Licup, Katherine) (Entered: 03/24/2008) |
| 03/31/2008 | 30 | MINUTE entry before Judge Honorable Amy J. St. Eve:Motion to dismiss 22 is entered. Response due 4/14/2008. Reply due 4/28/2008. Motion to set a briefing schedule 28 is granted; ( Status hearing set for 4/17/2008 is stricken and reset to 6/11/2008 at 08:30 AM.) Appearance on the noticed motion for 4/2/2008 is stricken.Mailed notice (tmh, ) (Entered: 03/31/2008) |
| 04/04/2008 | 31 | MOTION by Plaintiff Laura M. Swanson for leave to file *Second Amended Complaint* (Attachments: # 1 Proposed Second Amended Complaint)(Walner, Lawrence) (Entered: 04/04/2008) |
| 04/04/2008 | 32 | NOTICE of Motion by Lawrence Walner for presentment of motion for leave to file 31 before Honorable Amy J. St. Eve on 4/9/2008 at 08:30 AM. (Walner, Lawrence) (Entered: 04/04/2008) |
| 04/07/2008 | 33 | MINUTE entry before Judge Honorable Amy J. St. Eve:In the interest of justice, the Court grants Plaintiff's motion for leave to file a second amended complaint 31 . The Court enters Plaintiff's Second Amended Complaint, and denies Defendants' motion to dismiss 22 as moot. Defendants must answer or otherwise plead to the Second Amended Complaint on or before April 21, 2008. An appearance on this motion on April 9, 2008 is stricken.Mailed notice (tmh, ) (Entered: 04/07/2008) |
| 04/07/2008 | 34 | *Second* AMENDED complaint by Laura M. Swanson against all defendants (Hilicki, Michael) (Entered: 04/07/2008) |
| 04/17/2008 | 35 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. for extension of time to file answer *or otherwise respond to Plaintiff's Second Amended Complaint* (Fernald, Brandon) (Entered: 04/17/2008) |
| 04/17/2008 | 36 | NOTICE of Motion by Brandon C. Fernald for presentment of motion for extension of time to file answer 35 before Honorable Amy J. St. Eve on 4/21/2008 at 08:30 AM. (Fernald, Brandon) (Entered: 04/17/2008) |
| 04/18/2008 | 37 | MINUTE entry before Judge Honorable Amy J. St. Eve:MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. for extension of time to file answer or otherwise respond to Plaintiff's Second Amended Complaint 35 is granted. Defendants to answer or otherwise plead to the Second Amended Complaint by 4/28/2008. Appearance on this motion on 4/21/2008 is stricken.Mailed notice (tmh, ) (Entered: 04/18/2008) |

| | | |
|---|---|---|
| 04/28/2008 | 38 | MOTION by Defendant Bank of America, N.A. to dismiss *The Second Amended Complaint* (Fernald, Brandon) (Entered: 04/28/2008) |
| 04/28/2008 | 39 | NOTICE of Motion by Brandon C. Fernald for presentment of motion to dismiss 38 before Honorable Amy J. St. Eve on 5/5/2008 at 08:30 AM. (Fernald, Brandon) (Entered: 04/28/2008) |
| 04/28/2008 | 40 | MEMORANDUM by Bank of America, N.A. in support of motion to dismiss 38 (Fernald, Brandon) (Entered: 04/28/2008) |
| 04/28/2008 | 41 | DECLARATION of David O'Connell regarding motion to dismiss 38 by Bank of America, N.A. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Fernald, Brandon) (Entered: 04/28/2008) |
| 04/29/2008 | 42 | MOTION by Defendants Bank of America, N.A., FIA Card Services, N.A. to set a briefing schedule *re Defendants' Motion to Dismiss the Second Amended Complaint* (Fernald, Brandon) (Entered: 04/29/2008) |
| 04/29/2008 | 43 | NOTICE of Motion by Brandon C. Fernald for presentment of motion by filer to set a briefing schedule 42 before Honorable Amy J. St. Eve on 5/5/2008 at 08:30 AM. (Fernald, Brandon) (Entered: 04/29/2008) |
| 04/30/2008 | 44 | MINUTE entry before Judge Honorable Amy J. St. Eve:Motion to dismiss 38 is entered. Response is due 5/28/2008. Reply is due 6/13/2008. Motion to set a briefing schedule 42 is granted. Appearance on the noticed motions 38 42 is stricken. ( Status hearing set for 6/11/2008 is stricken and reset to 8/7/2008 at 08:30 AM.)Mailed notice (tmh, ) (Entered: 04/30/2008) |
| 05/28/2008 | 45 | RESPONSE by Laura M. Swanson in Opposition to MOTION by Defendant Bank of America, N.A. to dismiss *The Second Amended Complaint* 38 (Hilicki, Michael) (Entered: 05/28/2008) |
| 06/13/2008 | 46 | REPLY by Defendants Bank of America, N.A., FIA Card Services, N.A. in support of the motion to dismiss the Second Amended Complaint 38 (Fernald, Brandon) (Text modified by Clerk's Office on 6/16/2008) (cdy, ). (Entered: 06/13/2008) |
| 07/15/2008 | 47 | MINUTE entry before the Honorable Amy J. St. Eve: The Court grants Defendants' motion to dismiss 38 , and dismisses Count I with prejudice and dismisses Counts II and III without prejudice. All pending dates and deadlines are stricken. Civil case terminated. Mailed notice (kef, ) (Entered: 07/15/2008) |
| 07/15/2008 | 48 | ENTER MEMORANDUM Opinion and Order granting defendants' motion to dismiss 38 . Signed by the Honorable Amy J. St. Eve on 7/15/2008:Mailed notice(kef, ) (Entered: 07/15/2008) |
| 07/29/2008 | 49 | MOTION by Plaintiff Laura M. Swanson for reconsideration regarding memorandum opinion and order 48 *dismissing 2nd amended complaint* (Kramer, Barry) (Entered: 07/29/2008) |
| 07/30/2008 | 50 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' response to plaintiff's motion for reconsideration 49 to be filed on or before 8/8/08. Ruling by mail. Mailed notice (kef, ) (Entered: 07/30/2008) |
| 08/08/2008 | 51 | MEMORANDUM by Bank of America, N.A., FIA Card Services, N.A. in Opposition to motion for reconsideration, motion for relief 49 (Attachments: # 1 Exhibit A)(Fernald, Brandon) (Entered: 08/08/2008) |

| 08/19/2008 | 52 | MINUTE entry before the Honorable Amy J. St. Eve: The Court denies Plaintiff's motion for reconsideration 49 . [For further details see minute order.] Mailed notice (kef, ) (Entered: 08/19/2008) |
| 09/04/2008 | 53 | NOTICE of appeal by Laura M. Swanson regarding orders 47 , 48 , 52 Filing fee $ 455, receipt number 07520000000003077998. (Hilicki, Michael) (Entered: 09/04/2008) |
| 09/04/2008 | 54 | DOCKETING Statement by Laura M. Swanson regarding notice of appeal 53 (Hilicki, Michael) (Entered: 09/04/2008) |